CLARENCE M. BURTON v. THOMAS P. TUITE, CITY TREASURER OF DETROIT.

[See 78 Mich. 363.]

*Public records—Right of inspection.*

The following books, kept in the office of the city treasurer of Detroit, namely:

*a*—One book containing the record of the certificates of cancelled tax sales;

*b*—One book containing a list of such lots as have been sold to the city, or to individuals, for special city taxes, and have been from time to time redeemed;

*c*—One book containing a list of such lots or parcels of land in the city of Detroit as have been heretofore sold to said city for delinquent city taxes, said sales having been afterwards assigned by the city to individuals;—

Which books are denominated by the treasurer as "*Stub Receipt Books,*" who claims that they are mere *memoranda* for the convenience of the office, and that all the *data* contained therein is entered in the "Record Books," which are accessible to the public, but which transfer of *data* to such record books might be delayed for days or weeks, at the pleasure of the treasurer, are *public records* in the treasurer's office, in the full sense of Act No. 205, Laws of 1889, and under the opinion of this Court in *Burton v. Tuite,* 78 Mich. 363.

Contempt proceedings. Argued February 18, 1890. Decided April 18, 1890.

Relator applied for an order enforcing an order of this Court directing respondent to allow relator to inspect the records and files in his office. The facts are stated in the opinion.

*Henry A. Chaney,* for relator.

*John W. McGrath,* for respondent.

MORSE, J. The respondent is city treasurer of Detroit. The relator is engaged in the abstract business in said city. We held, upon application of the relator for *mandamus* (see *Burton v. Tuite,* 78 Mich. 363), that certain records in said treasurer's office were public records, and that relator had a right to examine them, and to make *memoranda* or transcripts therefrom under Act No. 205, Laws of 1889, subject to such proper and reasonable regulations as the treasurer might make, consistent with the public use of such records. Our order in the case, as made and entered in the journal on January 8, 1890, commanded the said Tuite not only to allow the relator to inspect and examine the particular records involved in that case, but also to generally furnish to him and his subordinates reasonable and proper facilities for the inspection and examination of the records and files in his office, and for making *memoranda* and transcripts therefrom, in compliance with said above-named act of the Legislature. In the opinion, as well as in the order, of this Court we meant to so express our views and commands as that there should be no mistake or misunderstanding as to the rights and duties of the respective parties to this controversy. But we are now called upon to enforce our order.

January 13, 1890, a petition was filed in this Court by the relator showing the proper service of our writ of peremptory *mandamus* upon respondent, and setting forth

that, notwithstanding our order and command therein contained, the respondent had since said service refused to allow relator to have access to or look at certain other public records in said office of the city treasurer, to wit: One book containing the record of the certificates of tax sales that have been canceled; one book containing a list of such lots as have been sold to the city of Detroit, or to individuals, for special city taxes, and have been from time to time redeemed; and a book containing a list of such lots or parcels of land in the city of Detroit as have been heretofore sold to said city for delinquent city taxes, said sales being afterwards assigned by the city to individuals. Upon this petition, January 15, 1890, we issued an order to the said Thomas P. Tuite, to show cause why he should not be punished for contempt and disobedience of the said writ of *mandamus* of date January 8, 1890. Respondent answered this order on January 28, 1890, denying that the above-named books were public records, or that the relator had any right to examine them under the statute, or our decision and order above stated. The books in question were denominated by the respondent as " Stub Receipt Books," and it was insisted in said answer that the same were not public records, but mere *memoranda* for the convenience of the office, and that all the *data* contained therein is entered in the " Record Books," which are accessible to relator. It was, however, admitted upon the argument that the transferring of the *data* upon these stub books to the record books might be delayed for days or weeks, at the pleasure of the respondent. After hearing both parties by counsel upon the petition and answer, we directed certain interrogatories to be served upon the respondent, to be answered by him under oath, and that other proofs be taken touching the truth of the matters involved in the petition and answer, as well as the nature and character and use of said books.

The answers to said interrogatories and other testimony taken have been returned to us.

We do not intend to again go into the discussion of the questions that were settled by us in the first opinion filed in this case. We are satisfied that the books referred to, by whatever name they are called, are public records in the treasurer's office, in the full sense of the statute, and under the opinion above referred to; that the respondent is guilty of contempt and disobedience of the order of this Court in refusing to the relator the privilege of examining them, and making transcripts thereof.

We think, however, that this disobedience has occurred, not so much from a willful disregard of our command, as from bad advice. Under the circumstances, we are not disposed to impose a heavy penalty, but we hope that our orders will hereafter be strictly complied with, and without delay or attempted evasion, as the fine in this case will not stand as a precedent in any future case of disobedience of the mandates or decrees of this Court.

An order will be entered adjudging the said Thomas P. Tuite guilty of contempt and disobedience of our aforesaid writ of *mandamus,* and that he pay to the people of the State of Michigan a fine of $25, with the costs of this proceeding to be taxed by the clerk of this Court; such payment to be made to said clerk within 10 days after a copy of such order shall be served upon him.

CHAMPLIN, C. J., LONG and GRANT, JJ., concurred.