BURTON *v.* REYNOLDS

MANDAMUS—ABSTRACTER OF TITLES—COURT FILES—RIGHT OF INSPECTION.

*Mandamus* will not issue to compel the clerk of the court to permit one employed in making abstracts of title to examine and copy a file in an action relating to land between private parties, upon a petition which negatives constructive notice of the pendency of the action, and does not assert actual notice, nor state that the examination and copying of the file is necessary to the interests of his employer, although it does state that it is necessary to the completion of the relator's work.

*Certiorari* to Wayne; Lillibridge, J. Submitted April 28, 1896. Decided July 28, 1896.

*Mandamus* by Clarence M. Burton to compel Henry M. Reynolds, county clerk, to permit an inspection of the files of the Wayne circuit court. From an order denying the writ, relator brings *certiorari*. Affirmed.

*John D. Conely* and *Hoyt Post,* for relator.

*Jasper C. Gates,* for respondent.

HOOKER, J. The relator is engaged in the business of making abstracts of titles to land, and was employed to make an abstract of certain premises. He states in his petition that—

"In order to properly complete his work, it became necessary to see and copy the proceedings in file No. 14,082 in the circuit court for the county of Wayne, in chancery, being a suit brought by William Shattuck and others against James C. McCormick for the purpose of enforcing specific performance of a land contract, * * * and that the respondent, the county clerk, refused to allow him to inspect and copy said file."

The circuit court denied relator relief by *mandamus,* and he has brought the case here. The petition prays that respondent be compelled by *mandamus* to permit the relator to "inspect, examine, and copy from file No. 14,082, and from any and all other files in his office."

The law provides for recording the evidences of title to land in the register's office, and all that is recorded therein is constructive notice to all persons. Taxes and proceedings on the part of the public must be taken notice of by all interested, though the register's office is not the place where the records pertaining thereto are to be found. In several cases we have intimated that the general public might have a right, under proper restrictions, to the information contained in public offices upon these subjects. *Burton* v. *Tuite,* 78 Mich. 363, 80 Mich. 218; *Day* v. *Button,* 96 Mich. 600. On the other hand, it has been twice asserted that private actions and suits between individuals stand upon a different footing, and that it is

not the absolute right of persons to make merchandise of the contents and allegations contained in the records of private actions and suits, before trial, for gain. *Park* v. *Free Press Co.*, 72 Mich. 560 (16 Am. St. Rep. 544); *Schmedding* v. *May*, 85 Mich. 1 (24 Am. St. Rep. 74). These cases denied the newspapers the opportunity of consulting these documents for the purpose of gaining information for publication, for the benefit of those who might be interested; and we see no difference between such object and the object of the relator, except as it may be supposed that the interest of the patrons of the respective parties may proceed from different motives.

We do not find it necessary in this case to go so far as to say that one interested in the land title, where he has notice of the pendency of proceedings affecting such title, either actual or constructive, by reason of the filing of *lis pendens* or other papers constituting such notice, shall not be allowed, either personally or by proper representative, *e. g.*, an attorney of the court, to inspect, and make necessary *memoranda* for his use. Such right might seem necessary, and to be contemplated by the law which subjects him to the consequences of notice. When such case shall arise, it will receive consideration. The record in this case shows nothing of the kind. On the contrary, relator's petition negatives constructive notice, and does not assert actual notice. It does not state that the suit involves, or is in any way connected with, the land that relator was employed to abstract, by way of contract or otherwise, or that it is necessary to the interests of his employer that he be allowed to inspect this record. It does state that, "in order to properly complete his work, it became necessary to see and copy the proceedings;" and whatever may be meant by that, it falls short of stating a necessity that shows a legal right to inspect the record.

We see no occasion to disturb the order of the learned circuit judge, denying the writ, and the same is affirmed.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. LONG, C. J., did not sit.