STATE, EX REL. WILLIAM L. NEWBY, ATTORNEY IN FACT
FOR FRANCES J. ALLSMAN, v. O. G. ELLSWORTH.

FILED MARCH 6, 1901. No. 11,580.

1. **Public Records:** INSPECTION. Public records are open to the free
inspection of all citizens of the state, and other persons inter-
ested in such examination.

2. ———— ————: JUSTICE DOCKET. Dockets of a justice of the peace
containing the entry of judgments are public records.

3. **Justice of the Peace:** TRANSCRIPT. A justice of the peace must
furnish, upon request and upon being paid the legal fee there-
for, an authenticated transcript of a judgment recorded in his
docket to either of the parties to the same, or to any one inter-
ested in obtaining such transcript.

4. ————: ————: PARTY IN INTEREST: ATTORNEY IN FACT. An attor-
ney in fact for one against whom a judgment has been rendered
on the docket of a justice of the peace has such an interest as
entitles him to demand a transcript of such judgment.

ERROR from the district court for Saline county.
Tried below before STUBBS, J. *Reversed.*

*Abbott & Abbott* and *William L. Newby,* for plaintiff in
error.

*J. D. Pope, contra.*

NORVAL, C. J.

J. H. Phillips obtained a judgment against Mrs. Frances Allsman before O. G. Ellsworth, a justice of the peace of Saline county, on April 4, 1899, for $25.71. Thereafter William L. Newby, the attorney in fact for said Allsman, demanded of the justice that he be permitted to examine the docket entry of said judgment, which was refused, and said Newby requested a transcript of said judgment, tendering the fees therefor, which transcript was likewise refused, whereupon said Newby, as such attorney in fact, instituted this proceeding in the district court for a mandamus against the justice to compel him to permit relator to inspect the docket entry of said judgment, and to require respondent to make out and deliver to him a transcript thereof. The respondent filed an answer admitting certain averments of the application or petition for the writ, and denying others. Subsequently he demurs to the petition for defect of parties plaintiff, and that the petition does not state sufficient facts to entitle relator to the relief demanded. The demurrer was sustained by the court and the proceeding dismissed. Relator prosecutes error proceeding.

The ruling of the district court was erroneous. Chapter 74, Compiled Statutes, declares that "All citizens of this state, and all other persons interested in the examination of the public records, are hereby fully impowered and authorized to examine the same, free of charge, during the hours the respective offices may be kept open for the ordinary transaction of business." The docket of a justice of the peace wherein are recorded judgments is a public record within the meaning of the statute quoted, and relator, being a resident of the county and state, was entitled to examine and inspect such docket. Moreover, relator was the attorney in fact for a party against whom a judgment had been rendered by the respondent and recorded in this docket, therefore, he was interested in the examination of the docket in question. By section

587 of the Code of Civil Procedure it is provided that "Judges of probate courts, justices of the peace  *  *  * shall upon request and being paid the lawful fees therefor, furnish an authenticated transcript of the proceedings, containing the judgment or final order of said courts, to either of the parties to the same, or to any person interested in procuring such transcript." It is plain that under the section just quoted it was the duty of the respondent to give a transcript of the judgment of *Phillips v. Allsman* to either of the parties, or to any person interested in procuring such transcript, upon being paid the legal fees therefor. Relator, being the attorney in fact of Mrs. Allsman, had such an interest as entitled him to a transcript of the judgment rendered against his principal. It follows that there was no defect of parties plaintiff, and that the affidavit stated sufficient facts to justify the issuance of the writ of mandamus. The district court erred in sustaining the demurrer and dismissing the proceeding and the judgment is therefore

REVERSED.