## Barrickman v. Lyman, City Engineer, et al.

(Decided June 20, 1913).

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Fourth Division).

Mandamus—Public Records—Inspection.—A citizen and taxpayer of a city of the first class, having an interest in the records of the city engineer's office, has a right to inspect them under reasonable terms and conditions, and where he is refused this right mandamus will lie, even though the inspection is desired for purposes of a pending suit against the city.

ELMER C. UNDERWOOD for appellant.

WILLIAM J. O'CONNOR and PENDLETON BECKLEY for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Plaintiff, Nellie Barrickman, brought this action against defendants, David R. Lyman, city engineer of the city of Louisville, and the city of Louisville, for a mandamus compelling them to permit her attorney, Elmer C. Underwood to investigate and inspect certain records on file in the office of the city engineer. A demurrer was sustained to the petition, and the writ of mandamus denied. Plaintiff appeals.

The petition is as follows:

"Plaintiff says:

"That she now is and at all the times herein stated was a resident of and taxpayer in the city of Louisville. That on or about June 27, 1912, she was injured by falling over a barricade or obstruction placed in Dumesnil street in the city of Louisville at or near Twenty-first street. That at said time Dumesnil street was a public street and highway of the city of Louisville. That she is informed and believes that said obstruction was placed in the said public street by the defendant, city of Louisville, and that said city negligently failed to maintain a proper warning of the existence of said obstruction, and by reason of the negligence of said city the plaintiff fell over said obstruction and injured herself, and she has now pending suit No. 73540 in the Jefferson Circuit Court, Common Pleas Branch, Fourth Division, for the recovery of damages caused by the injuries sustained by her at said time. That in preparing her case for trial it became necessary for her to have the records of the city engineer's office investigated so that she might determine whether or not the city of Louisville placed said obstruction in said street, as she is informed, when said obstruction was placed there, the officers or agents of the city of Louisville who placed said obstruction there, and the officers or agents of the city of Louisville who had charge of said obstruction. That with a view of ascertaining said facts, she authorized one of her attorneys, Elmer C. Underwood, to make an investigation of the records of said city engineer's office for said purpose. That the city engineer is the custodian of said records and has in his office as city engineer the records showing whether or not said obstruction was placed in said street by the city of Louisville, and whether or not said street was being repaired at said time by the city of Louisville, and the names of the officers or servants of

the city of Louisville in charge of said repairs and charged with the guarding of said obstruction. That said Underwood accordingly, on February 27, duly applied to David R. Lyman, city engineer of the city of Louisville and defendant herein, for permission to inspect said records for the aforesaid purpose. Said Lyman was then and is now the duly appointed, qualified, and acting city engineer of the city of Louisville, and has said records under his control and in his possession. That said Lyman refused to allow said Underwood to make any investigation whatever of said records. That the investigation of said records by her attorney is necessary to her in the preparation of her aforesaid suit for trial, and necessary for the ascertaining of the truth in regard to the condition of said street at said time, and that unless she is allowed to make said investigation through her attorneys, she cannot properly prepare her case for trial.

"WHEREFORE, plaintiff prays that this court, by its order of mandamus, compel and require the defendant, David R. Lyman, as city engineer of the city of Louisville, and the city of Louisville to permit the plaintiff by her attorneys to investigate the records in the city engineer's office to ascertain whether or not said Barricade was in fact maintained by the city of Louisville, when it was erected, and the officers and agents in charge of said barricade and in charge of the repairs of said street, referred to in the body of the petition, and she further prays for all other proper relief."

Section 2775, Kentucky Statutes, provides that "all official papers, proceedings, and records of the former officers and general councils and trustees, and of the present and succeeding officers, general councils, and trustees of the city, under previous charters and under this and succeeding acts, are hereby declared public records, and as such shall be preserved and be entitled to all faith and credit of public records." * * * The language of this section is not confined to the officers of the general council. By its very terms it includes all the former, present and succeeding officers of the city. The board of public works is required to keep a "continuous index, record or minute" of all official business transacted by the board. Kentucky Statutes, section 2804. The same board is given the exclusive control over the construction, re-construction, cleaning, repairing, platting, grading, improving, etc., of all the streets, alleys,

avenues, etc., of the city of Louisville. Kentucky Statutes, section 2825. The board is expressly required to prepare and place on file estimates of all work done, whether done by the employees of the board or by independent contract. Kentucky Statutes, sections 2828, 2829. The city engineer is an officer of the city of Louisville, and is under the control of the board of public works. Kentucky Statutes, section 2810. From the foregoing sections it cannot be doubted that the city engineer is a public officer of the city of Louisville, and that the records of his office are public records. The question presented is: Will a writ of mandamus lie to compel the city engineer and the city to permit an inspection of the public records of his office by one who is not only a citizen, but who has a special interest in the records? The court below took the view that a mandamus will not lie, because a subpoena *duces tecum* would furnish plaintiff adequate relief, and for the further reason that an inspection of the records was desired by plaintiff for the purpose of preparing her suit against the city. Suppose a taxpayer sought to enjoin the collection of certain taxes on the ground of their invalidity, and desired to inspect the records showing the assessment and levy of the taxes in question: Will it be contended that a subpoena *duces tecum* on a trial of the injunction affords him an adequate remedy? Or will it be contended that because he desires to use the information for the purpose of his suit, he should therefore be denied the relief asked? It seems to us that neither one of these propositions can be maintained. An inspection might obviate the necessity of bringing suit or of prosecuting a suit already begun. In such a case a party having a right to inspect a record would be compelled to bring an action in order to obtain a subpoena *duces tecum,* and the information thus obtained might be entirely too late to be of any value whatever. The question is one of right. If the right is denied, mandamus is the only adequate remedy. As said before, there can be no doubt that the records of the city engineer's office are public records. They are therefore subject to inspection certainly by a citizen and one who has an interest in them, subject to such reasonable rules and regulations as may be provided. Being public records, and the plaintiff having the right to inspect them, it was the duty of the city engineer to afford plaintiff or her attorney a reasonable opportunity to inspect them, regardless of the fact that

they were to be inspected for purposes of a pending suit against the city. If the right to inspection exists, it should not be denied where the inspection is sought for a lawful purpose. Any other rule would rob public records of their public character, and make the right of inspection dependent upon the whims and caprices of the officers in charge.

Some of the older cases make a distinction between an examination of public records by the public in general and an examination by those having an interest in them, holding that in the latter case the right exists, while in the former it does not. Am. & Eng. Encyclo. of Law, Vol. 24, pages 182, 183. It is unnecessary in this case to determine whether or not this distinction prevails in this state. It is sufficient to say that plaintiff is not only a citizen and taxpayer, but has shown an interest in the records in question. Having been wrongfully denied access to the records in question, she is entitled to a writ of mandamus commanding the city engineer and the city to furnish her reasonable facilities for making an inspection and examination of the records.

Judgment reversed and cause remanded for proceedings consistent with this opinion.