## Motch et al. v. City of Middlesboro et al.

(Decided March 1, 1932.)

MARTIN T. KELLY for appellants.

J. E. SAMPSON for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

J. D. Rhodes and other citizens and taxpayers of the city of Middlesboro brought suit against the city, its mayor and commissioners, to compel them to permit plaintiffs and their accountant to inspect the records and audit the books of the city. It appearing from the answer of the defendants that they had already employed a certified accountant to make an audit, the relief prayed for was refused on the ground that the making of two audits at the same time would interfere with the public business. On completion of the audit by the certified accountant employed by the city, an amended petition was filed pleading that fact, and again asking for the same relief. The motion of the defendants to make the petition as amended more specific and certain was sustained, and the suit was dismissed without prejudice.

H. E. Motch and other citizens and taxpayers of the city of Middlesboro then brought this suit against the city, its mayor and commissioners, for a mandamus compelling them to permit plaintiffs and a special accountant employed by them "to investigate and inspect the records of the city of Middlesboro to ascertain the financial status and condition of said city, and to further determine the nature of the accounts and the income and expenditures of said city." The defendants admitted the right of plaintiffs to make an investigation and inspection of the public records of the city, but denied their right to take over the books, records, and papers of the said city for the purpose of making an audit. After hearing the evidence the court refused the mandamus, and the taxpayers have appealed.

If appellants have the right to inspect and audit the books of the city, and that right has been denied, there can be no doubt that mandamus is the appropriate remedy. Barrickman v. Lyman, 154 Ky. 630, 157 S. W. 924.

Middlesboro is a city of the third class, and section 3255, Kentucky Statutes, which is a part of the charter of cities of that class, provides:

"All the records of the city shall be public records, and at all reasonable times open for inspection by the public, and copies of same, attested by the lawful custodian, shall be competent evidence in all courts."

Section 3480b-20, Kentucky Statutes, also relating to cities of the third class, is as follows:

"The board of commissioners shall at the termination of each month of the fiscal year cause to be printed in a newspaper published in such city an itemized statement of all receipts and expenditures of the city during the month.

"At the termination of each fiscal year the board of commissioners shall cause one or more competent accountants to make a complete examination of the books and accounts of the city, and shall cause the result of such examination to be published in such newspaper and in pamphlet form, and a copy of the report in pamphlet form to be given to each voter who may apply for same at the proper office."

On behalf of the city and its commissioners, it is argued that the only authority for making an audit is contained in section 3480b-20, supra, and this audit must be made by the board of commissioners; that there is no charge of fraud or negligence on the part of the certified accountant, or of collusion between him and the commissioners; that if one set of taxpayers may compel the city and its officers to permit them to make an audit, another set may do so immediately upon the completion of that audit, to the great detriment of the public business. Though section 3480b-20, supra, requires an audit to be made by the city, we do not regard it as so exclusive in character as to nullify the positive requirement of section 3255, supra, that all records of the city shall be public records, and at all times open for inspection by the public. This right of inspection is not conferred on those having a peculiar interest, but on the public in general. In those jurisdictions having similar statutes the right of inspection, though subject to reasonable rules and regulations, has always been upheld. United States v. Dickey, 268 U. S. 378, 45 S. Ct. 558, 69 L. Ed. 1006, 38 A. L. R. 1370; Flint v. Stone Tracy Co., 220 U. S. 107, 31 S. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312; Burton v. Tuite, 78 Mich. 363, 44 N. W. 282, 7 L. R. A. 73; Aitcheson v. Huebner, 90 Mich. 643, 51 N. W. 634; Brewer v. Watson, 61 Ala. 310; State ex rel. Colscott v. King, 154 Ind. 621, 57 N. E. 535. Nor are we inclined to the view that inspection means a mere glance of the eye at particular items or particular pages of the records. On the contrary, it must be given a practical and common sense meaning. We are therefore constrained to the view, as was held by State ex rel. Colscott v. King, supra, that the right of inspection given by the statute carries with it the right to examine public records and papers for the purpose of ascertaining or discovering the true condition of the fiscal affairs of the county or city, as the case may be, which necessarily includes the making of an audit. Nor is this right to be denied on the ground that it might subject the public records to loss or mutilation, or subject the officer to inconvenience, or consume a portion of his time without compensation. State ex rel. Colscott v. King, supra. However, as before stated, the right is subject to reasonable restrictions. It will not do to say that any number of taxpayers in the city may enter an office and take possession of the records therein and materially interfere with the officer in the discharge

656

of his official duties. Therefore, the officer may impose reasonable restrictions as to time, the number of inspectors, and the records that they may work upon at any particular time. Subject to such reasonable rules and regulations, we think, under the statute, the taxpayers have the right at any time to inspect the records of the city with the view of making an audit and discovering the truth as to its financial affairs and the manner in which the public business is conducted.

But the point is made that the refusal of the mandamus was proper because the right of inspection was never denied. It is true that the commissioners all testified that at no time did they refuse the taxpayers the right to inspect, and that none of the taxpayers testified to the contrary. However, the cross-examination of the commissioners shows that they construed the word "inspection" as not including an audit, and that not only did they refuse to permit the taxpayers to make an audit, but were insisting at the time of the trial that the taxpayers had no such right. In view of this situation it is clear that the taxpayers were denied the right, and therefore could proceed by mandamus.

Judgment reversed, and cause remanded with directions to enter judgment in conformity with this opinion.