STATE, *ex rel.* HERBERT M. DAVIDSON v. M. S. COUCH, City Manager, and FRANCIS MILLS, City Clerk and Collector, Daytona Beach.

155 So. 153.

En Banc.

Opinion Filed May 26, 1934.

116

*Green & West, Alfred A. Green* and *W. J. Oven,* for Relator;

*Millard B. Conklin* and *H. B. Hodgden,* for Respondents.

PER CURIAM.—On April 3, 1934, the relator addressed the following letter to the respondents:

"Daytona Beach, Florida,
"April 3rd, 1934.

"Mr. M. S. Couch, City Manager, and
Mr. Francis Mills, City Clerk and Collector,
of the City of Daytona Beach, Florida,
Daytona Beach, Florida.

"Dear Sirs:

"I call your attention to the following provisions of Section 490, Compiled General Laws of Florida, 1927:

"'490. (424) Public records open to examination by citizens.—All State, county and municipal records shall at all times be open for a personal inspection of any citizen of Florida, and those in charge of such records shall not refuse this privilege to any citizen. (Ch. 5942, Acts 1908, 1.)'

"As a citizen of the City of Daytona Beach, Florida, I request you to allow Mr. J. L. Robertson (who is also a citizen of the City of Daytona Beach, a certified public accountant under the laws of the State of Florida, and thoroughly familiar with the municipal records and books of account of the City of Daytona Beach because of the

fact that he has audited the same for the City during the years 1933 and 1932), to examine for me the municipal records and books of account of the City of Daytona Beach covering the period of time from December 31st, 1931, to date.

"Yours very truly,

(Signed) "Herbert M. Davidson."

The written demand contained in the letter having been ignored by the persons to whom it was addressed, the demandant on April 5, 1934, applied for and obtained from this Court an alternative writ of mandamus, the command of which is as follows:

"Now, THEREFORE, we being willing that full and speedy justice be done in the premises, do command you, M. S. Couch, as City Manager, and Francis Mills, as City Clerk and Collector, of the City of Daytona Beach, Volusia County, Florida, and each of you, individually and/or in your official capacity as aforesaid, to permit said relator, Herbert M. Davidson, in person, and by his duly authorized attorney or attorneys, agent or agents, representative or representatives, to make such inspection and inspections, from time to time, and of any and all the municipal records and books of account of said City of Daytona Beach, as he, the said Herbert M. Davidson, may so desire to inspect within the terms and provisions of the law; or show cause, if any you can, why you should not be required so to do by the peremptory writ of this Court; and that said showing by you be made before our Supreme Court at the Capitol in Tallahassee, at ten o'clock, A. M., on the 12th day of April, A. D. 1934, and you have then and there this writ."

Upon motion to quash it is contended that the alternative writ is defective in the following particulars: (1) Because the writ is directed to M. S. Couch and Francis Mills,

as City Clerk and Collector, respondents, in their individual as well as official capacity; (2) no facts warranting peremptory writ as prayed are shown, and (3) it appears that relator is seeking to enforce rights for and on behalf of others not named in the writ; (4) command is too broad in its terms.

The Court is of the opinion that the provisions of Section 490, C. G. L., 424 R. G. S., are mandatory and that mandamus directed to particular named persons alleged to have in their possession municipal books and records subject to inspection by citizens of Florida, under the law, is an appropriate remedy available to one as to whom the right of inspection has been denied. The duty is mandatorily imposed by Section 490, C. G. L., *supra,* upon "those in charge of such records," not to deny the statutory privilege to any citizens of Florida seeking to inspect same as the statute provides.

The Court is further of the opinion that the letter of April 3, 1934, addressed by relator to the respondents was in all respects a lawful and proper demand made upon respondents in accordance with the statute and that the demand contained in said letter is an enforceable privilege such as the statute under consideration contemplates, but that the commands of the alternative writ are broader than the demand insisted upon in the relator's letter and are broader than the statute itself contemplates as an enforceable duty, in that such command of the writ is to permit relator in person, and by his duly authorized attorney or attorneys, agent or agents, representative or representatives to make such inspection.

The terms of the statute (Section 490, C. G. L.) are to the substantial intent and effect that those in charge of State, county or municipal records shall not refuse to any citizen

of Florida, either alone or when accompanied by any other citizen, the privilege of making a personal inspection of such records at any reasonable time it may be requested. The right of personal inspection by one citizen of Florida includes the right on his part of making such inspection accompanied by a certified public accountant who is likewise a citizen of Florida entitled to make a personal inspection in his own right. Both rights to make inspections can be insisted upon at the same time and when a concurrent demand is made at one time and is refused, the concurrent demand can be coerced by a single writ of mandamus sued out by the interested party who is desirous of insisting upon his rights in the premises.

Alternative writ quashed with leave to amend in a manner not inconsistent with this opinion.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.