GENE WILLIAMS, et al., v. STATE, ex. rel. BLACKSTONE CORPORATION

175 So. 235.
Opinion Filed June 18, 1937.

*Morton B. Adams,* for Plaintiff in Error;

*W. Terry Gibson* and *J. P. Lea, Jr.,* for Defendant in Error.

BUFORD, J.—The writ of error is to a judgment awarding peremptory writ of mandamus on motion after motion to quash alternative writ of mandamus was denied.

The order of the alternative writ was as follows:

"Now, THEREFORE, We being willing that full, true and complete justice be done, do command and direct that you, the Respondents herein, permit the Relator's Officers, attorney or attorneys, agent or agents, representative or representatives, auditor or auditors, accountant or accountants, all of whom are citizens of the State of Florida, to examine all municipal records of said City of Coral Gables, Florida, in a manner consistent with law, or that in the alternative you show cause before this Court on the 14th day of August

A. D. 1936, at 9:30 A. M., why a peremptory writ of mandamus should not issue commanding that the same be done and have you then and there this writ."

The motion to quash was upon the ground that the command of the writ was too broad. It will be observed that the command of the writ does not name any of the officers, attorney or attorneys, agent or agents, representative or representatives, auditor or auditors, accountant or accountants of the Relator who are required to be accorded the right or privilege to examine the municipal records of the City of Coral Gables. Neither does the writ command that the right accorded shall be exercised within any specific hours.

The right to coerce the Respondents in the manner set forth in the writ is based upon the provisions of Section 424 R. G. S., 490 C. G. L., which is as follows:

"PUBLIC RECORDS OPEN TO EXAMINATION BY CITIZENS. —All State, county and municipal records shall at all times be open for a personal inspection of any citizen of Florida, and those in charge of such records shall not refuse this privilege to any citizen."

The Statute only accords the privilege or right to inspect the public records referred to to citizens of the State of Florida and unless the persons seeking the right are identified and shown to be citizens of the State of Florida, no duty rests upon the municipal officials to accord the privilege or right demanded. Unless the alternative writ names and identifies the person in behalf of whom the privilege or right to inspect records is sought to be coerced, it would not be practical for the Respondents to ascertain whether or not the persons seeking such right are entitled to such right or privilege.

A like infirmity as is apparent in the command of the alternative writ in this case was apparent in the alternative

writ in the case of State, *ex rel.* Davidson, v. Couch, 115 Fla. 115, 155 Sou. 153, wherein alternative writ in that case was quashed and was later amended and thereafter was disposed of in the opinion and judgment in the case of State, *ex rel.* Davidson, v. Couch, *et al.,* 116 Fla. 120, 156 Sou. 297.

On authority of the opinions and judgments above cited, the judgment in this case is reversed with directions that the cause be returned to the rolls of the court below, that the judgment awarding peremptory writ of mandamus be vacated, the motion to quash be granted with leave to the Relators to amend the alternative writ as they shall be advised.

So ordered.

Reversed and remanded.

ELLIS, C. J., and TERRELL and BROWN, J. J., concur.

DAVIS, J., dissents.

DAVIS, J. (dissenting).—The Circuit Judge thought the writ was sufficient under State, *ex rel.* Cumner, v. Pace, 118 Fla. 496, 159 Sou., page 679 and State, *ex rel.* Davidson, v. Couch, 116 Fla. 120, 156 Sou. Rep. 297. I agree with his conclusion and therefore vote to affirm the judgment.