## STATE EX REL. JULIUS HANSEN
*vs.*
## CHARLES F. SCHALL, ET AL.

Superior Court      New Haven County      File No. 56915

MEMORANDUM FILED JUNE 26, 1939.

*Joseph Shelnitz,* of New Haven, for the Relator.

*William L. Hadden,* of New Haven; *Walter E. Cronan,* of New Haven, for the Respondents.

O'SULLIVAN, J. ¡A few months ago, Julius Hansen, the relator, applied for an opportunity for his agent to inspect the books, papers and documents of the boards of selectmen and finance of the Town of West Haven, of which he was and is

an inhabitant. The respondents, who are members of these boards, refused his request on the ground that the privilege of inspection was strictly personal and could not be extended to his agent, especially because the latter was a nonresident. The refusal raises the substantial question in the case which may be thus expressed: Is Hansen entitled to an inspection of the records by his agent, and if so, can he select one who is not an inhabitant of West Haven? If the answer is in the affirmative, mandamus is the appropriate means of enforcing his right. *Daly vs. Dimock,* 55 Conn. 579; *Barrickman vs. Lyman,* 154 Ky. 630, 157 S.W. 924. *See, also,* 18 R.C.L. Mandamus §160, and an extensive annotation in 60 A.L.R. 1356.

The charter of West Haven provides that "all books, papers and documents kept (by these boards) shall be open to the inspection of any inhabitant of (West Haven) at any reason-able time." Because of this statutory authority, it becomes unnecessary to discuss one's right at common law to inspect public records. Nor has any question been raised as to whether Hansen's interest is of such a nature as to bar him access to the records under the rule which requires an applicant for inspection to have some special interest in the examination. Hence, there is no occasion to make an excursion into the realm of motives actuating him. In other words, the respondents concede and in fact have already granted him the right to make the inspection personally.

It is urged that the charter provision should be strictly con-strued. On the contrary, it demands a liberal interpretation lest the salutary objective of affording an effective means for the governed to keep tab on those who govern may not be thwarted. The test of common sense, as well as of the law, demonstrates with startling ease the fallacy of the technical position assumed by the respondents. If what they maintain is sound, no corporate body located in their township could ever obtain information from their records. no matter how vital to its existence might be the need for an inspection, because all corporations act through agents. Or if the relator happened to be blind, it would be inconceivable to think that he should be barred having another examine what he himself could not see.

Fortunately, Hansen is not blind, but he might just as well be so far as emerging from a personal examination of the

records with any concrete notion of what the books disclose unless he has some knowledge of the intricacies of bookkeeping or some natural talent for figures.

The following cases from other jurisdictions, located by a no means exhaustive research, give added support to his right to appoint an agent whose privilege to examine is as lawful and proper as that of himself. *In re Chambers,* 44 Fed. 786, 790; *Brewer vs. Watson,* 71 Ala. 299; *Phelan vs. State, ex rel. Rosenstok,* 76 id. 49; *State ex rel. Colscott vs. King,* 154 Ind. 621, 57 N.E. 535; *Boylan vs. Warren,* 39 Kan. 301, 18 Pac. 174; *State ex rel. Newby vs. Elsworth,* 61 Neb. 444, 85 N.W. 439; *Hawes vs. White,* 66 Me. 305.

But granted all this, say the respondents, the agent must be an inhabitant himself. That is begging the question, because if the agent is an inhabitant, he is entitled by virtue of such a status, to the right of his own to seek the information he desires. It may be that the relator is unable to find in West Haven any person whom he can employ or in whose ability he has confidence to make for him the type of inspection which he desires and to which he is entitled. Under such circumstances he ought to have the right to look elsewhere. In this case he has selected a firm of accountants located in New Haven. When the examination of the records is made, this firm will not be inspecting for itself but for an inhabitant of West Haven. Stated in somewhat different language, Hansen will make the examination by agent. It is immaterial that the agent is not an inhabitant itself.

The respondents have called attention to certain cases in Florida upon which they rely. *State ex rel. Davidson vs. Couch,* 115 Fla. 115, 155 So. 153; same case, 116 Fla. 120, 156 So. 297; *Williams vs. State ex rel. Blackstone Corp.,* 128 Fla. 668, 175 So. 235. The point involved in the present controversy was not raised in any of the Florida cases and such statements as appear in the opinions directed to the problem before this court are *dicta* and will not be followed.

Therefore, the relator is entitled to the relief he seeks. Unfortunately, the alternative writ is somewhat uncertain in its terms and, in my judgment, should be amended. If counsel will arrange to be present in court on any day within the week, an opportunity to amend will be granted. In the meantime, no further action will be taken as to the entering of judgment.