REQUESTED BY: Senator Patrick J. Bourne Nebraska State Legislature
In your opinion request letter, you indicate that you are considering potential legislation during the upcoming legislative session which would deal with court documents and the public records laws. Consequently, you have asked us, "are briefs and reply briefs submitted to a judge in a state district court action considered public records even though the briefs are not filed with the clerk of the court?"
Cases from the Nebraska Supreme Court have considered the public's right to access judicial records in two different contexts. First of all, in State v. Cribbs, 237 Neb. 947, 469 N.W.2d 108 (1991), the court indicated that there is a common-law right of access to judicial records, as recognized by the United State Supreme Court in Nixon v. Warner Communications, Inc., 435 U.S. 589 (1978). The Cribbs case involved access to psychiatrist reports, medical and mental evaluations and other documents made a part of the official record in a hearing conducted to review the status of a person acquitted of first degree murder on grounds of insanity. In Cribbs, the court also stated that the common-law right to inspect and copy judicial records is not absolute, but that "'[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes,' such as in divorce cases." Cribbs,237 Neb. at 950, 469 N.W.2d at 110 (quoting Nixon v. Warner Communications, Inc., 435 U.S. at 598).
The Cribbs case involved a right of access to evidence adduced at a judicial hearing rather than access to briefing materials or memoranda submitted to the court. However, other authorities have extended the common-law right to legal memoranda. In re Providence Journal Company, Inc., 293 F.3d 1 (1st Cir. 2002); The Republican Company v. Appeals Court, 442 Mass. 218, 812 N.E.2d 887 (2004). In the federal case, the First Circuit stated that:
This presumptive [common-law] right of access attaches to those materials "which properly come before the court in the course of an adjudicatory proceeding and which are relevant to that adjudication." It follows, then, that the common-law right of access extends to "materials on which a court relies in determining the litigants' substantive rights."
In re Providence Journal Company, Inc., 293 F.3d 9, 10 (citations omitted). As a result, it appears to us that there is likely a common-law right for members of the public to access briefs and legal memoranda in Nebraska. However, that right is not absolute, and is subject to a court's supervisory power over its own records and files.
Apart from any common-law right to inspect records, the Nebraska Public Records Statutes, Neb. Rev. Stat. §§ 84-712 through 84-712.09 (1999, Cum. Supp. 2002), pertain specifically to the public's right to review government records and documents. Two portions of those statutes are of particular pertinence. Section 84-712(1) provides:
Except as otherwise expressly provided by statute, all citizens of this state, and all other persons interested in the examination of the public records, as defined in section 84-712.01, are hereby fully empowered and authorized to (a) examine the same, and make memoranda, copies using their own copying or photocopying equipment in accordance with subsection (2) of this section, and abstracts therefrom, all free of charge, during the hours the respective offices may be kept open for the ordinary transaction of business and (b) except if federal copyright law otherwise provides, obtain copies of public records in accordance with subsection (3) of this section during the hours the respective offices may be kept open for the ordinary transaction of business.
The basic language of § 84-712(1) has been in the Nebraska statutes since 1866. In addition, § 84-712.01 contains the following definition for public records in Nebraska:
Except when any other statute expressly provides that particular information or records shall not be made public, public records shall include all records and documents, regardless of physical form, of or belonging to this state, any county, city, village, political subdivision, or tax-supported district in this state, or any agency, branch, department, board, bureau, commission, council, subunit, or committee of any of the foregoing. Data which is a public record in its original form shall remain a public record when maintained in computer files.
Based upon the broad language of §§ 84-712(1) and 84-712.01, and in particular upon the language in § 84-712.01 which includes records of any "branch" or "department" of state government in the definition of public records, it would seem that judicial records are subject to those statutes. That conclusion is supported by several Nebraska cases.
In State ex rel. Griggs v. Meeker, 19 Neb. 106, 26 N.W. 620 (1886), the court held that the fee-book maintained by the clerk of the district court was a public record. Similarly, the court held that dockets of a justice of the peace containing entries of judgment were public records. State ex rel. Newby v. Ellsworth, Justice of the Peace, 61 Neb. 444,85 N.W. 439 (1901). In both of those cases, the court cited and quoted the language of a predecessor statute to § 84-712.
In Orr v. Knowles, 215 Neb. 49, 337 N.W.2d 699 (1983), the United States District Court for the District of Nebraska certified several questions of law to the Nebraska Supreme Court involving Neb. Rev. Stat. § 28-347 (Cum. Supp. 1982), a statute which prohibited abortions for minors in Nebraska without notice to the minor's parents or legal guardian. Subsection (2) of § 28-347 allowed a court to waive the notice requirement when petitioned to do so by the minor, and required a court to "maintain confidentiality" as to all such proceedings. The federal court asked the Nebraska Supreme Court whether the confidentiality provisions of § 28-347(2) constituted an exception to the access requirements of § 84-712 and Neb. Rev. Stat. § 24-311 (1979).[1]
Ultimately, the Nebraska Supreme Court ruled that § 28-347(2) did constitute an exception to §§ 84-712 and 24-311. In reaching that result, the court stated:
 While both of these statutes [§§ 84-712 and 24-311] state that judicial proceedings and records are matters of public interest, neither statute is absolute. Both provide that exceptions may be created by express and special provisions.
215 Neb. at 54, 55, 337 N.W.2d at 703. The fact that the Nebraska court considered the issue of whether § 28-347(2) constituted an exception to disclosure of judicial records under the Public Records Statutes bolsters the notion that those statutes do apply to court records as well as to records of the other branches of government.
Therefore, it appears to us that records "of or belonging to" the judicial department of state government are records subject to the Public Records Statutes. Moreover, while the Nebraska Supreme Court has not specifically considered the issue, we believe that the court would be inclined to consider briefs and legal memoranda to be public records, even though those materials are not filed with the clerk of the court. That latter conclusion is based upon the broad language of the Public Records Statutes and the common-law case authorities cited above. Obviously, for your legislative purposes, the statutes could also be amended in some fashion to specifically include briefs and legal memoranda as public records.
We would offer several additional observations. First, to the extent that briefs and legal memoranda are subject to the Public Records Statutes, they are also subject to the provisions of § 84-712.05 which allow certain categories of records to be kept confidential. Second, the courts may possibly take the position that any obligation which they have to produce records including briefs and legal memoranda under the Public Records Statutes is subject to their supervisory power over their own records and files. Finally, we would point out that when a public body or public agency is a party litigant, access to briefing materials in the litigation may be obtained from the public entity as well as from the courts, inasmuch as those briefing materials would presumably also be records "of or belonging to" the public entity.
Sincerely yours,
 JON BRUNING Attorney General
 Dale A. Comer Assistant Attorney General
APPROVED:
[1] Neb. Rev. Stat. § 24-311 (1979) provided:
 All judicial proceedings of all courts established in this state must be open to the attendance of the public unless otherwise specially provided by statute.