HOMER A. DAY v. JAMES A. BUTTON, REGISTER OF DEEDS
OF GENESEE COUNTY.

*Public records—Right to examine—Abstracter of titles.*

1. The right to examine the records and files in the office of the
register of deeds, and to make *memoranda* therefrom, for the
purpose of making a set of abstract books, is established by
*Burton v. Tuite*, 78 Mich. 363, 80 Id. 218.

2. In exercising this right, the register of deeds cannot be unduly
annoyed by a large force, or by work at unseasonable hours,
or by a monopoly of furniture, office room, or records to the
exclusion of other persons, and he has the right to prescribe a
reasonable use of the same.

*Mandamus.* Argued June 27, 1893. Granted June 28, and opinion filed July 26, 1893.

Relator applied for *mandamus* to compel respondent to allow him access to the public records for the purpose of making a set of abstract books. The facts are stated in the opinion.

*H. R. Lovell* and *George H. Durand,* for relator.

*Charles H. Wisner,* for respondent.

PER CURIAM. The relator and several others, being engaged in making a set of abstract books of the titles to land in the county of Genesee, applied to the register of deeds for the privilege of access to the public records and files in his office. Several interviews were had and some letters passed between relator and the respondent in relation to the matter, which need not be set forth here. It is sufficient to say that relator asks the privilege of examining all records and files in the office, and of making *memoranda* therefrom, for the purpose of making a set of abstract books. The respondent refused this privilege on the ground that the public convenience would be interfered with thereby. He offered the privilege of making an abstract or search or of copying any instrument recorded, but declined to allow relator and his assistants to work continuously at the table provided for the use of the public, claiming that it was being monopolized by them to the exclusion of the public. Relator having in his hand one of the books of record of deeds, it was taken from him by respondent, and replaced in the vault, and its further use denied for the purpose mentioned. The answer of respondent sets forth the size of his office, and arrangement of the furniture therein, presumably to corroborate his claim that he cannot accommodate the relator and his clerks

without inconvenience to himself and the public. He further asserts that all such furniture is necessary for the general business of the office, and that it is impossible to accord the privileges demanded and perform the duties of the office.

The record seems to warrant the conclusion that respondent denies to relator the use of the records and a place to make *memoranda* for a set of abstract books, upon the ground that he has no legal right to the same. If the case of *Webber v. Townley*, 43 Mich. 534, justifies this contention, we think the decisions of this Court in the cases of *Burton v. Tuite*, 78 Mich. 363, 80 Id. 218, have overruled the case of *Webber v. Townley*, and established the right of a person to look at the records and make *memoranda* for a set of abstract books. This right does not permit the register to be unduly annoyed by a large force, or by work at unseasonable hours, or by the monopoly of furniture, office room, or records to the exclusion of other persons, or interfere with his right to prescribe a reasonable use of the same. It does, however, require that he recognize relator as one of the public, and accord to him reasonable privileges for the accomplishment of his purpose. We do not feel called upon to specify the number of persons that respondent must accommodate, or to prescribe the rules which he may require relator to observe. These should be made with reference to the circumstances, and with a view to the reasonable use by relator of books and office. We assume that, the question of the right to use the same being settled, the parties can adjust their differences.

The writ must issue as prayed, requiring the respondent to permit relator to have reasonable access to the records and files in his office for the purpose aforesaid.