CLARENCE M. BURTON v. HENRY M. REYNOLDS, COUNTY
CLERK OF WAYNE COUNTY.

*Public records—County clerk—Examination of files—Compensation*
*—Mandamus.*

1. The files of courts of justice should not be open to the general
public so as to permit a maker of abstracts of title to keep a
clerk continuously in the office of the county clerk, occupy-
ing a place at the desk, carrying keys to all the file cases in
said office, and removing and replacing files at will.

2. The rights of a maker of abstracts of title to access to the files
and records of suits pertaining to real estate in the office of
the county clerk, to enable him to make abstracts of the
same to use in his business, do not depend upon the privileges
which the clerk may choose to permit others to enjoy, but are
measured by the law, and cannot be diminished for the bene-
fit of others, nor can they be increased by reason of indul-
gence to others; and one whose business requires much exam-
ination has no greater rights than one whose interests require
but little.

3. *Mandamus* will not lie to compel a county clerk who, for a
compensation paid by relator's competitors, employs a clerk at
his own expense to superintend their use of the files and
records in the office for the purpose of making abstracts of
title, to grant the same facilities to the relator without com-
pensation, it appearing that the clerk is not legally bound to
furnish such increased facilities, and that the furnishing of
the same does not abridge the rights to which the relator is
legally entitled.

*Certiorari* to Wayne. (Donovan, J.)   Argued June 26,
1894.   Decided September 25, 1894.

Relator applied to the circuit court for *mandamus* to
compel the respondent to give him access to the files and
records of all suits pertaining to real estate, to enable him
to make abstracts of the same, to use in his business of
making and selling abstracts of title.   Relator brings

*certiorari* to review the order denying the writ.    Affirmed. The facts are stated in the opinion.

*Henry A. Chaney* and *Hoyt Post*, for relator.

*Jasper C. Gates*, for respondent.

PER CURIAM.    This cause comes to this Court by *certiorari* to the circuit court of Wayne county, where a *mandamus* was denied to the relator, who sought to compel the clerk of said county to give him access to the files and records of all suits pertaining to real estate, to enable the relator to make abstracts of the same, to use in his business of making and selling abstracts of title. The respondent denies relator's right to the privilege claimed, unless he shall pay the sum of $25 per month for each person employed by relator in making abstracts from such files.

It appears that relator has heretofore had access to the clerk's files, having been allowed to keep a clerk continuously in said office, who occupied a place at the desk, and who carried keys to all file cases, removing and replacing files at will. Respondent very properly put a stop to this. The files of courts of justice should not be open to the general public to any such extent as that mentioned, and the law does not compel it. If a clerk permits it, it is at his peril. Relator apparently does not contend for such privileges as these mentioned, unless it be in his claim that he should be entitled to the same privileges as are granted to two others who are engaged in similar business, and who enjoy privileges that relator asserts he is denied, though it does not very clearly appear what they are.

According to the return, the respondent proposes to require relator to receive files and records from an assistant of respondent, who shall supervise their use by relator.

He says that the clerical force provided is insufficient to permit him to attend to the wants of relator, who proposes to keep one or more clerks constantly employed in said office, and that he cannot give him the same facilities that he does the other persons mentioned unless he will contribute to the employment of such assistant, as they do. Just what those facilities are does not appear, and perhaps they are not important. Relator's rights under the law do not depend upon privileges which respondent may choose to permit some to enjoy. His rights are measured by the law, and cannot be diminished for the benefit of others, nor can they be increased by reason of indulgence to others; and we think that one whose business requires much examination of public records has no greater rights than one whose interests require little. The former cannot, and probably would not, attempt to monopolize the facilities furnished, to the exclusion of the latter. But, as already stated, the officer is under no obligation to provide additional accommodations, or to permit one to move in furniture and occupy permanently any portion of the office.

The clerk of Wayne county is a salaried officer. Counsel for relator argue that he is not entitled to fees. We are cited to no statute requiring him, at his own expense, to furnish clerical assistance, and we understand that it is provided by the public, and that he is allowed certain clerks. He cannot be expected to give his personal attendance to this relator day after day, nor can he be required to furnish a clerk who will. Relator must take his turn with others, receiving and using and returning files to the person who is detailed to wait upon the public, at and from the place provided for the public. The return denies a refusal of the files in any particular case, except as the relator requested them in connection with more than 20 other cases; and it further discloses that, since the issue of the alternative writ, he has given relator and his

assistants full and unrestrained access to any and all records, papers, and files, without let or hindrance.

Relator's brief states that the bone of contention is the sum of $25 per month which respondent demands for certain privileges which he is not otherwise disposed to furnish, and which the law does not compel. Counsel for relator say that he only wants the same privileges that his competitors are enjoying; *i. e.*, he wants them for nothing, while they pay for them. The return shows that, for a consideration, respondent is finding a way to help such competitors to what they want,—by employing a person at his own expense to superintend their use of the files. This does not abridge relator's facilities, so far as appears. On the contrary, it may tend to increase them, and we think that the respondent, by rendering such increased facilities, does not thereby enlarge relator's rights. The clerk is custodian of his office and its contents. He is responsible for its management and preservation. He probably exercises a large discretion in such management, and doubtless thereby accommodates the general public. The brief of relator's counsel gives prominence to the privileges accorded to others, and complains that he is to be charged fees for seeing papers which he has the right to examine; but it nowhere discusses the denial of relator's right to see files as the general public see them. In the principal brief it is said:

" Mr. Burton's request is only to be allowed the same latitude that is freely allowed to others."

And in the supplemental brief it is said:

" The essential point of our petition is that respondent, being a public officer, refuses us permission to make such examinations of public records in his office as he permits others to have, unless he will pay him for such permission."

In short, he wants exceptional facilities. His only

excuse for claiming them is that the clerk is willing to assume the risks and responsibility of furnishing them to others. He is not willing to take them upon the same terms, claiming that the money required is a fee, which the law denies the clerk the right to take. It is true that the clerk cannot charge fees for those things that a citizen has a right to demand, but we can only aid relator in obtaining the rights to which the general public are entitled, as was held in the case of *Day v. Button,* 96 Mich. 600.

The order of the circuit court will be affirmed.