QUESTIONS: 1. Is a state employee a citizen of Florida for the purposes of s. 119.01, F.S.? 2. May an agency validly require prior authorization from a state employee's superior before providing the employee access to public records under Ch. 119, F.S.?
SUMMARY: A state employee is a "person" within the meaning of the Florida Public Records Law and as such possesses a right of access to public documents or records for personal inspection and examination which may not be preconditioned upon said employee obtaining his or her supervisor's approval or authorization to inspect and examine such documents. In response to your first inquiry, Florida's Public Records Law, Ch. 119, F.S., as amended by Ch. 75-225, Laws of Florida, effective July 1, 1975, provides that it is the policy of the state that public records shall at all times be open for a personal inspection by any person, s.119.01, F.S. 1975. Section 119.01 is now in conformity with s.119.07(1), F.S. 1975, which also requires public records to be open for inspection and examination by any person desiring to do so. The use by the Legislature of a comprehensive term such as "any person," s. 119.01, "every person," s. 119.07(1), and "any public official," s. 119.02, F.S., ordinarily indicates an intent to include everything embraced within such term. State v. City of Jacksonville, 50 So.2d 532 (Fla. 1951); Florida State Racing Commission v. McLaughlin, 102 So.2d 574 (Fla. 1958). The Public Records Law does not differentiate from or discriminate against public persons or employees. Since state employees are unquestionably "persons," it follows that they are entitled to inspect and examine public documents or records (as defined by s.119.011, F.S. 1975) on the same basis as any other person. In response to your second inquiry, I would note that I am unaware of any statutory requirement that public employees must receive prior authorization from their superiors as a condition to inspection of public documents or records, as defined by the Public Records Law. The Public Records Law places no restrictions upon the right of inspection and examination and requires every person who has custody of public records to allow inspection and examination thereof at reasonable hours and under reasonable conditions. See State ex rel. Davidson v. Couch, 156 So. 297 (Fla. 1934). Any rule or policy which has as its effect the frustration or circumvention of the rights granted to all persons under the Public Records Law is wholly without statutory authority. Moreover, neither the records custodian, agency, or official nor the employee's agency or supervising official can establish any requirement or condition or make any rule or issue any directive or order unless expressly, or by necessary implication, authorized to do so by statute. Attorney General Opinion 075-94. If there is any doubt regarding the existence of a power which is being exercised, the further exercise of that power should be arrested. Edgerton v. International Co., 89 So.2d 488 (Fla. 1956). Accordingly, I am of the view that a state employee has a statutory right of access to public documents or records for personal inspection and examination which may not be preconditioned upon the approval or authorization of his or her superiors. Attorney General Opinion 075-50.