Ms. Nancy A. Cousins City Attorney City of Hollywood
QUESTIONS:
1. Is an individual who is required by a governmental agency to take an examination for purposes of licensure, certification, or employment entitled to make or obtain a copy of his own completed examination?
2. May the City of Hollywood impose a time limit within which an examinee may review his own completed examination?
3. May the City of Hollywood destroy the examination questions and answers after a period of time?
SUMMARY:
An individual who is subject to state licensure, certification, or employment is entitled only to review his own completed examination and may not make or obtain copies of that examination; the City of Hollywood may not require an examinee to exercise his right of review during a designated or restricted time frame; and the City of Hollywood may not destroy or dispose of examination questions and answer sheets except with the permission of the Division of Archives, History and Records Management of the Department of State.
AS TO QUESTION 1:
Florida's Public Records Law, ch. 119, F.S., requires the custodian of any `public record' to permit the inspection and examination of that record by any person desiring to do so. Section 119.07(1)(a), F.S. The custodian is also required to provide copies of public records to members of the public who request the same and who pay the requisite fees. Id. See also s. 119.08, F.S. A public record is defined in s. 119.011(1), F.S., to mean `all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.' See also s. 267.021(2), F.S.
Section 119.07(3)(a), F.S., provides a limited exemption to access to public records for personal inspection and examination for those public records `which are presently provided by law to be confidential or which are prohibited from being inspected by the public . . . .' This provision has been interpreted as providing an exemption only for those records which the Legislature has expressly excepted from the inspection requirements of s.119.07(1). See Wait v. Florida Power and Light Co., 372 So.2d 420
(Fla. 1979), and AGO 080-96. As you pointed out in your letter, such an express exemption is provided in s. 119.07(3)(c) for `examination questions and answer sheets of examinations administered by a governmental agency for the purpose of licensure, certification, or employment . . . .' That same subsection contains a proviso or exception from the general exemption it (and s. 119.07(3)(a), F.S.), provides which is that `. . . an examinee shall have the right to review his own completed examination.' In AGO 076-210, to which you refer in your letter, my predecessor concluded that an examine has the right to inspect the results of his own completed examination including both the question and answer sheets. That opinion did not address and you are unsure as to whether an examinee also has the right to make or obtain a copy of his completed examination. For the following reasons, I conclude that an examinee has no such right.
The first sentence of subsection 119.07(3)(c), F.S., exempts specified examination question and answer sheets from the provisions of `subsection (1),' which is the subsection that requires public record custodians to permit persons desiring to do so to inspect and examine public records and to furnish them with copies or certified copies of those public records upon request and payment of the prescribed fees. The second sentence of subsection 119.07(3)(c) operates to give certain persons (i.e., examinees) the right `to review' certain public records not otherwise available to other persons (i.e., their own completed examinations). This proviso or exception by its express terms limits the right granted to the right `to review.' As stated by the Florida Supreme Court in In re Advisory Opinion To Governor,313 So.2d 717, 721 (Fla. 1975), the purpose of a proviso is not to enlarge or extend the act of which it is a part; its purpose is to serve as a limitation on the language employed therein, and it will be construed strictly and limited to the objects fairly within its terms. See also Farrey v. Bettendorf, 96 So.2d 889, 893
(Fla. 1957). Furthermore, where a statute sets forth exceptions, no others may be implied to be intended, Williams v. American Surety Company of New York, 99 So.2d 877 (2 D.C.A. Fla., 1958). As a general rule, an exception is to be construed strictly against the one who attempts to take advantage of that exception, and, unless the right to the exception is clearly apparent in the statute, no benefits thereunder will be permitted. State v. Nourse, 340 So.2d 966, 969 (3 D.C.A. Fla., 1976).
`Review' is defined as meaning: to view or see again; to go over or examine critically or deliberately; the act of inspecting or examining. Webster's Third New International Dictionary 1944 (1966 ed.). Thus, the exception set forth in s. 119.07(3)(c) operates to allow an examinee to inspect and examine, or review, his own completed examination and the corresponding examination question and answer sheets. It does not purport to grant any right to an exemption or exception from the general exemption or prohibition set forth in s. 119.07(3)(a) and the first sentence of s.119.07(3)(c) — i.e., the examinee has no right to make or obtain copies of his completed examination or the examination question and answer sheets. To read s. 119.07(3)(c) to imply a right of an examinee to make or obtain copies of his own completed examination and the corresponding examination questions would fly in the face of the plain language of the statute and the rules of statutory construction discussed above. Consequently, I must conclude that an examinee possesses no right and should not be permitted to make or obtain copies of his own completed examination or the corresponding examination question and answer sheets. AS TO QUESTION 2:
You secondly inquire whether the City of Hollywood may restrict the times during which an examinee may review his own completed examination. I understand that you are concerned that an unsuccessful examine may wish to `review' his examination within a few days of retaking that examination for a second time. In order to avoid the cost of drawing up multiple examinations, you wish to know whether the City of Hollywood may specify when an examinee may review his own completed examination. The answer to your second question is in the negative.
My own reading of the Public Records Law discloses no express statutory authorization that would permit custodians to place any conditions or restrictions upon the right of an examinee to review his own completed examination. Generally speaking, public records must be made available for inspection and examination by any person `at reasonable times, under reasonable conditions, and under supervision . . . .' Section 119.07(1)(a), F.S. Cf. s.119.01, F.S., all records shall at all times be open for a personal inspection by any person. Unlike s. 119.07(1)(a), however, s. 119.07(3)(c), F.S., does not purport to grant the custodian of the examinations which are the subject of your inquiry any right to place reasonable time limitations upon the inspection of those examinations. Even were such a provision to be contained in the law, however, I would not be able to say that it would authorize the kind of restrictions you seek to impose.
The courts of this state have long recognized that, where the public has a right to inspect public records, that right must be exercised reasonably and with due regard to the rights and duties of the custodian. A person wishing to exercise his right of inspection must do so at reasonable hours without unduly annoying the custodian or interfering with the operation of his office. State ex rel. Davidson v. Couch, 156 So. 297, 300 (Fla. 1934). Thus it has been recognized that the custodian may restrict the hours during which public records may be inspected to those hours during which has office is open to the public. See Couch, supra. On the other hand, the courts have been quick to strike down attempts by public officials to unduly limit the right of the public to inspect public records. See Couch, supra (person desiring to inspect public records may not be required to specify the particular book or record he wishes to inspect); State ex rel. Cummer v. Pace, 159 So. 679 (Fla. 1935) (city may not restrict right of person to inspect records relating to business operations of the city on ground that person is in competition with city); State ex rel. Davis v. McMillan, 38 So. 666 (Fla. 1905) (custodian may not deny right of inspection to person simply because he intends to copy public records for his own financial gain); and Wait v. Florida Power and Light Co., 372 So.2d 420, 425 (Fla. 1979) (city may not precondition inspection of public records upon requestor's agreeing to disclose similar documents to the city).
This office has consistently taken the position that any rule or regulation which would hamper or frustrate, either directly or indirectly, a person's right to inspect and examine public records is impermissible. See, e.g., AGO's 075-50 and 074-259. In keeping with this position and in the absence of any legislative authorization, I must conclude that the City of Hollywood may not require an examinee to exercise his right to inspect and examine his own completed examination during a designated and restricted time frame.
AS TO QUESTION 3:
Your third question is whether the City of Hollywood may destroy the examination question and answer sheets after a period of time. The answer to your question is that the city may not destroy or dispose of any public record except upon compliance with ss. 119.041 and 267.051, F.S., and with the approval of the Division of Archives, History and Records Management of the Department of State. Section 119.041 provides that `[n]o public official may mutilate, destroy, sell, loan or otherwise dispose of any public record without the consent of the Division of Archives, History and Records Management of the Department of State.' Public records must be preserved and administered, retained and disposed of as provided in s. 267.051, F.S. The duties of agencies, including municipalities (see s. 267.021(3), F.S.), in the establishment and maintenance of the prescribed records management program are particularized in subsections (6), (7) and (8) of s. 267.051, and the city is bound and governed by the duly adopted and promulgated rules and regulations of the Division of Archives, History and Records Management (ss. 267.031(4), 267.051(8), F.S). See also s. 119.09, F.S. The examination and answer sheets which are the subject of this opinion are public records as that term is defined ss. 119.011(1) and 267.021(2), F.S., and as it is used in ss. 119.041 and 267.051, F.S. Subsection 119.07(3)(c) exempts those examination and answer sheets from the operation of s. 119.07(1) but it does not exempt them from the operation of ss. 119.041 and 267.051. Consequently, the approval of the Division of Archives, History and Records Management is a condition precedent to the destruction or disposal of these public records.
Prepared by: Percy W. Mallison, Jr., Assistant Attorney General