Mr. Thomas V. Dannheisser County Attorney Santa Rosa County 801 Caroline Street, Southeast Milton, Florida 32570-4978
Dear Mr. Dannheisser:
You ask substantially the following question:
 Must a county provide access to microfilmed public records maintained outside the county when the originals are available for inspection and copying at the county courthouse?
In summary, I am of the following opinion:
 The Public Records Law, Ch. 119, F.S., does not require a county to transport microfilmed copies of public records from a location outside the county to the county courthouse to provide access to the microfilmed copies when the originals are available for inspection and copying at the county courthouse. However, despite the existence of the original records, the microfilmed copies are public records which must be open to public inspection and copying at their location outside the county in the absence of a statutory provision exempting them from disclosure.
You state that a private company has requested that the county bring microfilmed copies of public records to the county courthouse to allow them to be copied. The county maintains the microfilmed records under special conditions for preservation and protection with a storage company located outside the county. The original records are available for inspection and copying at the county courthouse. Subsequent information supplied to this office reveals that the private company is willing to copy the microfilmed records at the storage facility. The company which maintains the microfilm, however, will only provide duplicates at a set fee and is unwilling to allow copying of the microfilm by the private company.
Section 119.07(1)(a), F.S., provides, in pertinent part, as follows:
 Every person who has custody of a public record shall permit the record to be inspected and examined by any person[1]
desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee. The custodian shall furnish a copy or a certified copy of the record upon payment of the fee prescribed by law or, if a fee is not prescribed by law, upon payment of the actual cost of duplication of the record.[2] (e.s.)
"Public records" are defined as
 all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.[3]
(e.s.)
I am not aware of any case which directly addresses this issue. The decision of the court in Seigle v. Barry,[4] however, provides guidance by analogy. In that case the court considered whether the public may require information contained in public records to be made available for inspection and copying in a particular format. The question arose when a public agency was asked to provide access to computerized records by use of a special program which would retrieve information in a form tailored to the requestor's specific needs.
In resolving this issue, the court considered whether records kept before computerization had to be provided in a particular form in response to a request for inspection and copying of public records. It was determined that such records did not have to be made available in a particular format.[5] After reaching the decision that records do not have to be provided in a particular format, the court concluded that the use of special programs prepared at the expense of the requestor to gain access to computerized records may be used when the existing programs do not access all of the public records stored in the computer, exempt material would be accessed by the existing programs, the form of the information does not fairly and meaningfully represent the records, or other exceptional circumstances warrant the use of such a program.
Requiring the county to transport microfilmed copies of public records to the county courthouse when the originals are available may be analogized to requiring public records to be made available in a particular form. Therefore, if the original records are available for inspection and copying at the county courthouse,[6] it is my opinion that the county is not required to transport the microfilmed copies to the county courthouse.
I am unable to conclude, however, that access to the microfilmed copies of public records for the purpose of copying may be denied, as these copies are themselves public records subject to inspection and copying.[7]
By storing and maintaining public records at a private storage facility, the county has designated the storage company as custodian of the microfilmed copies of the public records subject to the inspection and copying provisions of Ch. 119, F.S.[8]
Absent a statutory provision exempting the microfilmed copies from public disclosure, the storage company, as the designated custodian, may not withhold the public records from inspection and copying.[9]
Thus, I am of the opinion the county is not required to transport microfilmed copies of public records to the county courthouse when the originals are available at such location. Access to the microfilmed records cannot be denied at the storage facility, however, as such records are themselves public records subject to Ch. 119, F.S.
Sincerely,
Robert A. Butterworth Attorney General
(ls) —
[1] Chapter 119, F.S., requires no showing of purpose or "special interest" as a necessary condition of access to public records. See, State ex rel. Davis v. McMillan, 38 So. 666 (Fla. 1905) (abstract companies may copy documents from the clerk's office for own use and sell copies to the public for a profit) and State ex rel. Davidson v. Couch, 156 So. 297, 299 (Fla. 1934) (citizen's use of copies is of no consequence).
[2] See also, s. 119.08, F.S., requiring, in the case of records which the public has right to inspect or copy, the following: the public is to be given access to the records for the purpose of making photographs while in the possession, custody and control of the lawful custodian or his authorized deputy; such work is to be done under the supervision of the custodian, in the room where the records are kept by law; and, if the work is done in another room or place, the expense of providing the room and appropriate supervision is to be borne by the one making the photographs.
[3] See, s. 119.011(1), F.S.
[4] 422 So.2d 63 (4 D.C.A.Fla., 1982).
[5] Id. at 65, citing as an example, a health department's maintenance of a chronological list of dog bite cases with rabies implications and stating that maintenance of such records did not allow a requestor (putative dog bite victim) to require that the list be reordered by geographical areas.
[6] This would be in compliance with s. 28.07, F.S., requiring the official records of the county to be kept at the county seat of the county. However, in Myakka Valley Ranches Improvement Association, Inc. v. The City of Sarasota, Case No. 85-1248-CA-01 (Cir.Ct. Sarasota Co., Fla., May 22, 1985), the court concluded, even in the absence of a statute requiring that records be kept at a particular location or within certain geographical boundaries, the City of Sarasota was required to maintain municipal records or copies thereof within the city for inspection and copying.
[7] Cf., AGO 86-21 (although not required, if tape recordings of meetings of special district are made, they are public records within the terms of Ch. 119, F.S.) and AGO 86-93 (tape recordings of school board meetings are subject to disclosure under Ch. 119, F.S., even though a written version of the proceedings is made available to the public).
[8] See, s. 119.021, F.S., providing that "[t]he elected or appointed state, county, or municipal officer charged with the responsibility of maintaining the office having public records, or his designee, shall be the custodian thereof." (e.s.) See also, s.119.011(2), F.S., defining "agency" as "any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency." (e.s.)
[9] See, Tribune Company v. Cannella, 458 So.2d 1075, 1078
(Fla. 1984) (no provision in the Public Records Law for anyone other than the custodian of records to withhold a record with the assertion of a statutory exemption) and Tober v. Sanchez,417 So.2d 1053 (3 D.C.A.Fla., 1982) (privilege to withhold a public record attaches only if the records are privileged in the custodian's hands; custodian may not transfer actual custody of records to the county attorney to avoid compliance with a request for inspection under Ch. 119, F.S.). Cf., Warden v. Bennett,340 So.2d 977, 979 (2 D.C.A.Fla., 1976), in which the court concluded there was no requirement in the Public Records Law that, because information contained in public records is available from other sources, a person seeking access to the records must first show an unsuccessful attempt to obtain the information from those sources.