Ms. Christine Cardinale-Catuccy City of Lake Worth 7 North Dixie Highway Lake Worth, Florida 33460-3787
Dear Ms. Cardinale-Catuccy:
On behalf of the City of Lake Worth, you have asked for my opinion on substantially the following questions:
1. Is the City of Lake Worth authorized to retain a monetary deposit collected in connection with making copies to comply with a public records request if the requesting party subsequently advises the city that the copies are no longer needed?
2. Under the circumstances of Question One, can the city bill the requester for any shortfall between the deposit and the actual cost of copying the public records?
3. How long is the city required to retain copies of documents requested under Chapter 119, Florida Statutes, but not retrieved?
4. Should these matters be addressed in the city's public records request policy?
According to your letter, the city has several questions relating to the Public Records Law, Chapter 119, Florida Statutes. You describe a hypothetical situation in which the city has received a request to provide copies of non-confidential public records. In anticipation of the costs associated with the request, the city requires payment of a deposit before copying the requested documents. After the documents are copied, the city contacts the requestor and is told that the documents are no longer needed, or the documents are never retrieved. The time spent by the city in copying and the reproduction costs exceed or are equal to the deposit received by the city.
Questions One and Two
Section 119.07(1)(a), Florida Statutes, provides that
"Every person who has custody of a public record shall permit the record to be inspected and copied by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public records."
The Public Records Law sets fees for furnishing these copies:
"The custodian of public records shall furnish a copy or a certified copy of the record upon payment of the fee prescribed by law. If a fee is not prescribed by law, the following fees are authorized:
(a)1. Up to 15 cents per one-sided copy for duplicated copies of not more than 14 inches by 8½ inches;
2. No more than an additional 5 cents for each two-sided copy; and
3. For all other copies, the actual cost of duplication of the public record.
(b) The charge for copies of county maps or aerial photographs supplied by county constitutional officers may also include a reasonable charge for the labor and overhead associated with their duplication.
(c) An agency may charge up to $1 per copy for a certified copy of a public record.
(d) If the nature or volume of public records requested to be inspected or copied pursuant to this subsection is such as to require extensive use of information technology resources or extensive clerical or supervisory assistance by personnel of the agency involved, or both, the agency may charge, in addition to the actual cost of duplication, a special service charge, which shall be reasonable and shall be based on the cost incurred for such extensive use of information technology resources or the labor cost of the personnel providing the service that is actually incurred by the agency or attributable to the agency for the clerical and supervisory assistance required, or both.
(e)1. Where provision of another room or place is necessary to photograph public records, the expense of providing the same shall be paid by the person desiring to photograph the public records.
2. The custodian of public records may charge the person making the photographs for supervision services at a rate of compensation to be agreed upon by the person desiring to make the photographs and the custodian of public records. If they fail to agree as to the appropriate charge, the charge shall be determined by the custodian of public records."[1]
As provided by section 119.07(3)(a), Florida Statutes, "[a]ny person shall have the right of access to public records for the purpose of making photographs of the record while such record is in the possession, custody, and control of the custodian of public records."
It has long been the position of the Attorney General's Office that, in the absence of a statute to the contrary, public information must be open to the public without charge.[2] In Attorney General Opinion 76-34, this office concluded that in the absence of a specific statutory authorization of any charge or fee, the public must have free access to a computer terminal for the mere inspection and examination of records.[3]
Moreover, the provision of access to public records is a statutory duty imposed by the Legislature upon all records custodians and should not generally be considered a revenue-generating operation.[4]
However, in the situation you have described, the clerk has performed the service described in the statute and is entitled to the fees set forth therein. A public records request has been presented and the records have been copied pursuant to that request. The clerk is entitled to receive payment for the entire amount of the value of his or her services as authorized by the statute. If the documents are not collected by the requesting party, the clerk is entitled to retain the deposit received for copying and other services as he or she would be entitled to retain the entire amount assessed for such a service if it had been paid in advance. Likewise, the custodian may bill the requester for the difference between the deposit and the actual cost if full payment was not received initially. The clerk must also refund any amount originally collected as a deposit if the final copying fee is less than the amount collected as a deposit.
In sum, it is my opinion that the custodian of records for the City of Lake Worth is authorized to retain a monetary deposit collected in connection with actual costs incurred in making copies to comply with a public records request if the requesting party subsequently advises the city that the copies are no longer needed. Further, it is my opinion that the custodian is authorized to bill the requester for any shortfall between the deposit and the actual cost of copying the public records when the copies have been made and the requesting party subsequently advises the city that the records are not needed.
Again, I must emphasize that providing access to public records is a statutory duty imposed upon all records custodians. I assume that any deposit collected by a records custodian is reasonable based upon section119.07(4), Florida Statutes, and that it reflects the actual costs of producing copies. Any attempt to charge excessive fees in an effort to discourage citizens from exercising their right to inspect and copy public records would constitute a violation of the Public Records Law.
Questions Three and Four
Section 119.021(2)(a), Florida Statutes, requires the Division of Library and Information Services (division) of the Department of State to adopt rules establishing retention schedules and a disposal process for public records. However, your questions deal not with public records but with copies of those documents. Thus, the copies the custodian has prepared in response to a records request are not controlled by the retention schedules adopted by the division.
This office would certainly advise any local governmental entity that responds to public records requests to have a policy in place dealing with such matters as time of payment, deposit requirements, length of time copies will be maintained after a public records request is fulfilled, and other matters susceptible to codification. Such a policy would facilitate the purpose of the Public Records Law to provide public access and a standardized policy would ensure that all members of the public are treated equally when the city is responding to public records requests. You may wish to contact other local governmental entities and request copies of their policies on public records to use in crafting the city's public records request policy.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] Section 119.07(4), Fla. Stat. Cf., s. 28.24, Fla. Stat., prescribing the service charges the clerk of the circuit court shall make for "services rendered by the clerk's office" in making copies by photographic process of any instrument in the public records: These service charges are only applicable when the clerk performs the service.
[2] See, e.g., Op. Att'y Gen. Fla. 76-34 (1976) and 75-50 (1975) (concluding that the Public Records Law does not authorize a public official to impose a fee for the inspection of public documents).
[3] See also, State ex rel. Davidson v. Couch, 156 So. 297, 300
(Fla. 1934); Rawls v. State, 122 So. 222 (Fla. 1929).
[4] See Op. Att'y Gen. Fla. 84-03 (1984).