480 So.2d 203 (1985)
David D. DAVIS, Appellant,
v.
SARASOTA COUNTY PUBLIC HOSPITAL BOARD, H.J. Floyd, William J. Harrison, and Williams, Parker, Harrison, Dietz and Getzen, P.A., Appellees.
No. 85-134.
District Court of Appeal of Florida, Second District.
December 20, 1985.
*204 James J. Boczar, Sarasota, for appellant.
A. Lamar Matthews, Jr. and Theodore C. Eastmoore, of Williams, Parker, Harrison, Dietz & Getzen, Sarasota, for appellee Sarasota County Public Hosp. Bd.
CAMPBELL, Acting Chief Judge.
Appellant appeals an order which he asserts denied him access to inspect and copy all bills for legal services incurred by the Sarasota County Public Hospital Board (hereinafter referred to as "appellee"), "from January 1, 1980 to date." For the reasons stated hereinafter, we reverse, in part, the order of the trial court of January 14, 1985, which is the subject of this appeal.
This matter began by a letter dated July 25, 1984, from appellant to appellee, requesting that all bills for legal services incurred by appellee from January 1, 1980 "to date" be made available for inspection by appellant on July 27, 1984, pursuant to the disclosure requirements of chapter 119, Florida Statutes (1983). At a subsequent hearing on this matter, appellant, an attorney, testified that he wrote the letter which was written on the stationery of the law firm in which he was an associate, and hand delivered to appellee, but that the request was a personal request "as a citizen of the State of Florida and as a citizen of Sarasota County." When appellant was refused permission to inspect all of the bills for legal fees, he filed a petition for writ of mandamus. An alternative writ of mandamus was issued by the court to which appellee responded. That response stated that appellee had furnished appellant a list containing the exact amount of attorney's fees expended for the periods requested, the matter on which the fees were expended, and the law firms to which the fees were paid. The response further stated that the information furnished was stored in appellee's computer and account ledgers and was an exact reproduction of the actual data. The response further stated that the only omission from the list pertained to various lawsuits by a Dr. Shahawy against appellee and, as such, were privileged and exempt from disclosure.
Appellant then filed a motion for a judgment on the pleadings and a pre-emptory writ of mandamus. The matter was subsequently set for nonjury trial. Appellant caused a subpoena duces tecum to be served on appellee to require that all the requested documents be produced for an in camera inspection by the court on the day set for trial. Appellee responded with a motion for protective order which requested that because of the large number of documents contained in many different files, appellee not be required to produce the documents until the court had made a determination of appellant's entitlement. *205 Appellees' motion also alleged that a portion of the documents (those relating to Dr. Shahawy) were exempt from disclosure by section 395.0115, Florida Statutes (1983).
As a result of the hearing on these matters, the trial court entered the order appealed from, which found as follows:
All records requested were or have been furnished except requested legal bills for services of attorneys representing the defendant hospital in proceeding under Chapter 395.0115, Florida Statutes. Defendant claims these records are privileged under subparagraph (3) of that chapter. The Court finds that such records are "records of committees and governing bodies which relate solely to actions taken in carrying out the provisions of this section ..." and are therefore privileged... .
The court then ordered the alternative writ of mandamus discharged.
We have carefully examined the transcript of the hearing held in this matter. The provisions of section 119.07(1), Florida Statutes (1983) appear to clearly provide that the actual records, and not extracts of the records, of a public body are open and subject to inspection.[1] However, we sympathize with and understand the reasons for the provisions of the trial court's order. Appellant Davis, when asked at the hearing below what else he needed other than the information furnished in the extracts of information, replied, "My understanding was that there were other legal fees and I believe you sent me a letter objecting to other legal bills as being privileged and those were the other bills that I was seeking."
It was clear that the "other legal fees" he referred to involved the Shahawy matters. Appellant also testified, "At this particular time I have no further request for any other information regarding what you've already supplied me at this time." Nevertheless, appellant now insists he desires to inspect all of the actual records from which the extracts were made.
While appellee originally defended the production of those documents partially on the basis of attorney-client privilege, it is clear now that as a result of the supreme court's holding in Neu v. Miami Herald Publishing Company, 462 So.2d 821 (Fla. 1985), that defense is no longer available to a public agency such as appellee under the circumstances of this proceeding. Appellee now concedes that appellant is entitled to inspect the documents from which the extracts were made and agrees to make them available. Therefore, while the trial judge apparently made a correct ruling based upon the testimony of appellant that he had all of the information (except the Shahawy matters) that he desired, nevertheless, because of appellant's insistence now on the actual records, we feel compelled to reverse that portion of the trial court's order relating to the actual records from which the furnished extracts were made, so that this matter may proceed to an early conclusion. In regard to the Shahawy matters, however, we agree that section 395.0115 protects them from disclosure and affirm the trial court in that regard. Section 119.07(3)(a) provides that records which are provided by general or special law to be confidential, or which are prohibited from being inspected by the public, are exempt from disclosure under section 119.07(1).
Chapter 395 governs the subject of Hospital Licensing and Regulation. Section 395.0115 covers disciplinary powers of a hospital in regard to its medical staff, commonly referred to as "peer review." Section 395.0115(3) provides:
The proceedings and records of committees and governing bodies which relate solely to actions taken in carrying out the provisions of this section shall not under any circumstances be subject to inspection under the provisions of chapter 119; nor shall meetings held pursuant *206 to achieving the objectives of such committees and governing bodies be open to the public under the provisions of chapter 286.
We conclude that the clear impact of that subsection is to not only protect the record and proceedings of such matters, but in doing so, it must necessarily recognize and protect the attorney-client privilege that may exist in regard to agency proceedings involving "peer review" matters. Therefore, the attorney-client privilege again exists in regard to section 395.0115 proceedings. In order to fully protect such privilege, the bills rendered for any such services must also be privileged, as well as being an exempt record growing out of such a proceeding.
Appellee produced the administrative secretary to the assistant administrator of finance for appellee, who testified that she was in charge of processing legal bills. She further testified she prepared the information submitted to appellant and that the Shahawy matters which were excluded were involved in "peer review." This was sufficient basis, unless refuted, to allow appellee to withhold that information. Section 119.07(2)(a) provides that a custodian asserting an exemption shall excise those matters from the records furnished. Section 119.07(2)(b) provides: "[I]n any action in which an exemption is asserted," the court shall conduct an in camera inspection of certain specified categories of items, may conduct an in camera inspection of certain other categories and is silent in regard to those matters exempted by general or special law. (Emphasis supplied.) We conclude that appellee has sufficiently demonstrated that the Shahawy matters are exempt from disclosure.
We reverse in order to allow appellant to examine the actual records of the matters heretofore furnished in extract form. We affirm as to all other matters.
SCHOONOVER and LEHAN, JJ., concur.
NOTES
[1] While there may be circumstances that would require extracts of information, we are not required to pass upon that in this proceeding.