LEHAN, Judge.
We affirm the trial court’s denial of attorney’s fees claimed under section 119.-12(1), Florida Statutes (1984).
The following summarized background of this case may be found in Davis v. Sarasota County Public Hospital Board, 480 So.2d 203 (Fla.2d DCA 1985). Appellant sought certain records from appellee under chapter 119, Florida Statutes (1983). Appellee provided to appellant extracts from those records but did not furnish the records, except that, as to some of those records, appellee furnished neither extracts nor the records themselves, claiming the attorney-client privilege. At the hearing at which the trial court denied appellant ac *76 cess to all of the records which appellant at that time sought, appellant testified that he had all the information he wanted except for the records as to which appellee claimed the attorney-client privilege. On appeal to this court appellant apparently changed his mind and, notwithstanding his above-described testimony, asked for the actual records as to the information not covered by appellee’s attorney-client privilege claim.
This court affirmed the trial court’s ruling with respect to the records and the information as to which the attorney-client privilege was claimed (except for records as to which appellee apparently abandoned that claim, as referred to further below) and, notwithstanding appellant’s foregoing testimony, reversed the trial court’s order and required that appellee give appellant access to the actual records containing the information not covered by the claimed attorney-client privilege. That reversal was in recognition that appellant would be entitled to the records if he went back to the trial court and asked for them. The reversal was merely to ensure “that this matter may proceed to an early conclusion.” Id. at 205. Thus, this court affirmed in part and reversed in part. The Florida Supreme Court denied review. Davis v. Sarasota County Public Hospital Board, 488 So.2d 829 (Fla.1986).
The present appeal is from the trial court’s subsequent denial of appellant’s request for attorney’s fees made pursuant to section 119.12(1). One of the issues raised on this appeal concerns whether the version of section 119.12(1) which was in effect before the 1984 amendment to that section applies to appellant’s request for attorney’s fees, as appellee contends, or whether, as appellant contends, that amendment applies. We need not address that issue because for another reason we conclude that appellant was not entitled to attorney’s fees.
Notwithstanding this court’s partial “reversal” on the prior appeal, appellant should not be considered to have been the prevailing party in the litigation from which that appeal arose. As we have explained, appellant did not prevail before this court on any contention he had made in the trial court. The relief he received from this court, by way of reversal, was given simply to avoid the need for further litigation in the trial court. If this court had not given appellant the relief he requested for the first time during that appeal and if thereafter the trial court had denied a subsequent request for that relief and this court then reversed, appellant would, of course, have been the prevailing party. But that is not what happened, and appellant should not now additionally benefit at appellee’s expense for what appellant had failed to seek in the trial court.
Nor do we conclude that appellant prevailed as to records provided by appellee to appellant as to which appellee first claimed, and then abandoned, the attorney-client privilege after the Florida Supreme Court decided that the privilege was “no longer available to a public agency such as appel-lee under the circumstances of this proceeding.” Davis, 480 So.2d at 205. In that respect also, appellant did not prevail before this court on the prior appeal.
On cross-appeal it is contended that the trial court erred in awarding costs to appellant. We agree. Again, appellant was not the prevailing party. We reverse that portion of the order awarding $380.00 in costs to appellant.
Affirmed in part, reversed in part.
SCHEB, A.C.J., and THREADGILL, J., concur.