579 So.2d 267 (1991)
FLORIDA INSTITUTIONAL LEGAL SERVICES, INC., Appellant,
v.
FLORIDA DEPARTMENT OF CORRECTIONS, Appellee.
No. 90-1343.
District Court of Appeal of Florida, First District.
May 3, 1991.
Rehearing Denied June 3, 1991.
Richard A. Belz, Gainesville, for appellant.
Rosa H. Carson, Tallahassee, for appellee.
George K. Rahdert and Patricia Fields Anderson of Rahdert & Anderson, St. Petersburg, for amicus curiae/Times Pub. Co.
Gregg G. Thomas of Holland & Knight, Tampa, for amicus curiae/Tribune Co.
SMITH, Judge.
Appellant challenges a final order of the Department of Administrative Hearings dismissing its rule challenge. We affirm.
Appellant provides legal services to indigent inmates of Florida's prison system pursuant to a contract with the Department of Corrections (DOC), the appellee. DOC and appellant stipulated that in the course of the representation of inmates, appellant has requested copies of DOC records.
Appellant filed a challenge of a rule adopted by the DOC pursuant to section *268 119.07(1)(b), Florida Statutes. The challenged rule provides, in pertinent part:
[I]n addition to the actual cost of materials and supplies, a special service charge will be assessed for providing information when the nature or volume of the records requested requires extensive clerical or supervisory assistance by department personnel. For the purpose of this rule, `extensive' means that it will take more than 15 minutes to locate, review for confidential information, copy and refile the requested material.
Rule 33-1.004(3), F.A.C. (emphasis added).
Section 119.07(1)(b) provides, in pertinent part, that if:
the nature or volume of public records requested to be inspected, examined, or copied pursuant to this subsection is such as to require extensive use of information technology resources or extensive clerical or supervisory assistance by personnel of the agency involved, or both, the agency may charge, in addition to the actual cost of duplication, a special service charge, which shall be reasonable and shall be based on the cost incurred ...
DOC and appellant stipulated below that appellant was charged the actual cost of duplicating the requested records and, pursuant to the challenged rule, has been charged a fee over and above the actual cost of duplication whenever it has taken DOC personnel longer than fifteen minutes to locate, review documents for confidential information, photocopy and refile the requested information. The DOC and appellant further stipulated that appellant has been substantially affected by Rule 33-1.004(3).
The hearing officer concluded in his final order that the rule was not an invalid exercise of legislative authority inasmuch as section 119.07 specifically authorizes a "special service charge" when requested material requires "extensive use of information technology resources or extensive clerical or supervisory assistance... ." DOC defined extensive as requiring fifteen or more minutes of work, and the hearing officer found that while fifteen minutes may not seem extensive in an isolated case, the cumulative effect of numerous requests could be extensive. The hearing officer further observed that the burden was on appellant to show the rule was invalid, and in the absence of any evidence regarding the magnitude of this rule's application, the hearing officer would not declare that DOC's definition of the term "extensive" exceeded, modified or contravened the statutory authorization. The hearing officer added that the rule was not arbitrary or capricious.
The essence of appellant's argument before this court is that DOC is improperly charging appellant for the DOC's review for and excision of information in the inmate files which DOC deems confidential. As support for this argument, appellant states that it is well-established that a custodian of public records cannot charge a fee for the mere inspection of public records, citing State ex rel. Davis v. McMillan, 49 Fla. 243, 38 So. 666 (1905). Appellant further cites to an opinion of the Attorney General providing that no provision of Chapter 28 or 119, Florida Statutes, authorizes a fee for the inspection and examination of public records except as provided in section 119.07(1)(b), when the nature or volume of such records necessitates extensive clerical or supervisory assistance. 1984 Op.Att'y.Gen.Fla. 084-81 (Aug. 21, 1984), readopted 1986 Op.Att'y.Gen.Fla. 086-69 (Aug. 14, 1986). Appellant notes further that under Florida law, government records shall be open to inspection by the public at a reasonable time and under reasonable conditions. Section 119.07(1)(a), Florida Statutes. We find the authority cited to this court by the appellant does not render the rule at issue invalid.
In McMillan, supra, the supreme court was asked to consider the question of whether a party may have access without charge to circuit court records for the purpose of taking abstracts when the party will do "all the work of taking the abstracts and the memoranda from such records without the assistance of the [circuit court] clerk or his deputies." 38 So. at 667. Contrary to the appellant's suggestion, *269 the McMillan court did not hold that a custodian of records could not charge for his assistance in providing access to public records. Instead, the supreme court held that under the then existing statutory law, a court clerk could not charge a fee
for the bare supervision in his office of parties who may go in there themselves to inspect and take extracts from the records without calling upon him for any service or assistance in connection therewith, other than that bare general supervision, observation, or watchfulness on his part that it is his duty at all times and under all circumstances to exercise ..." Id. 38 So. at 667.
(Emphasis added).
Interestingly, the statute at issue in McMillan,[1] like section 119.07(1)(b), provided that a court clerk was not required "to perform any service" in connection with the right of inspection or the making of abstracts without payment of compensation as fixed by law. Id. Thus, we find McMillan is not controlling because it construes a different statute than is at issue in this appeal and further, the court in McMillan held only that a fee could not be charged for supervision as opposed to any assistance which may be required.
Similarly, we find the opinions of the Attorney General cited to us by appellant to be unpersuasive. The Attorney General considered in 1984 Op.Att'y.Gen.Fla. 84-81 the question of whether a court clerk could charge, in addition to the copying fee, a fee for the clerical and supervisory effort necessary to review and delete information exempt from the right of public inspection when the clerk is obligated to make copies in order to permit the records to be inspected in accordance with Chapter 119, Florida Statutes. The Attorney General opined that there was no specific provision in Chapter 119 for the charging of a fee for the deletion of exempt material; however, the Attorney General observed that an agency may charge for "extensive clerical or supervisory assistance," referring to section 119.07(1)(b), Florida Statutes (1983). The Attorney General did not express an opinion as to whether supervisory or clerical assistance could not include the review for and deletion of confidential information.
Although appellant never specifically raised the issue below nor is the issue raised on appeal, the Times Publishing Company argues in its amicus brief that the definition of "extensive" adopted by DOC, that is, fifteen minutes or more of effort, is invalid. The Times Publishing Company also argues that the DOC's definition of "extensive" frustrates both the Legislature's purpose in enacting the Public Records Act and the public's efforts to exercise its rights under the Act. Similarly, the Tribune Company argues that the rule unjustifiably threatens and encumbers the public's right to supervise government. We find these to be mere conclusory allegations without basis in the record before us. As to these and all other contentions that were or might have been raised below, the burden was on appellant to show that the rule was invalid, as the hearing officer observed. Agrico Chemical Co. v. Dept. of Environmental Regulation, 365 So.2d 759 (Fla. 1st DCA 1978). Because appellant made no demonstration below of only one acceptable meaning of the term "extensive" as used in section 119.07, and because appellant has not shown that the term as used in the rule does not comport with the intent and purposes of the statute, we defer to the DOC's interpretation which we do not find to be "clearly erroneous." Shell Harbor Group v. Dept. of Business Regulation, 487 So.2d 1141 (Fla. 1st DCA 1986).
Because we find the appellant has failed to show the rule is invalid and because we find the remaining arguments advanced by the amici also to be without merit, we AFFIRM the final order.
NIMMONS, J., concurs.
ZEHMER, J., dissents with opinion.
ZEHMER, Judge (dissenting).
I respectfully dissent. Rule 33-1.004(3), F.A.C., imposes a charge if a Department *270 of Corrections clerk expends fifteen minutes or more in locating and reviewing requested documents. This condition exceeds the agency's delegated authority under section 119.07(1)(b), Florida Statutes.
Section 119.07(1)(b) speaks in terms of a particular request for public records or documents that requires the agency to provide "extensive use of information technology resources or extensive clerical or supervisory assistance by personnel of the agency involved." (Emphasis added.) Chapter 119 is a generic chapter governing all state agencies in respect to the availability, inspection, and copying of public records. Determining whether a particular request requires "extensive" use of personnel time is not a matter falling within any particular expertise of the Department of Corrections, or indeed any other state agency; pouring meaning into that term is simply a matter of statutory construction and interpretation by the courts without any need to resort to agency expertise. Thus, I do not agree with the majority that this court should defer to the agency's interpretation of this statute in determining that fifteen minutes meets the statutory requirement of "extensive" use.
The rule defines "extensive" as requiring a clerk to expend at least fifteen minutes of time. The hearing officer's order contains a finding that fifteen minutes is not in itself extensive, but justifies treating this short limitation as "extensive" within the meaning of the statute by reason of the "cumulative effect of numerous requests" for information from the agency. I find no language in section 119.07(1)(b) that supports a notion that this section contemplates the cumulative effect of numerous requests in determining what is "extensive." On the contrary, this section is written in terms of a single request, and it is clear to me that unless a single request for location and review of public records requires "extensive" time, no charge may be made for the service pursuant to the statute. In view of the hearing officer's finding that fifteen minutes per se is not extensive, neither the record nor section 119.07(1)(b) supports the validity of this rule requirement.
The legislative intent manifested by the statutory language in section 119.07(1)(b) contemplates a single request to the agency that by reason of the "nature or volume of public records requested to be inspected, examined, or copied pursuant to this subsection" requires an unusual amount of time and effort to be expended by the agency. A mere fifteen minutes to locate, review, and copy a public document pursuant to a routine request such as the requests described in the record in this case is simply not the kind of extensive service contemplated by the statute, and the hearing officer so found. In short, I cannot agree with the majority that the rule comports with the obvious statutory purpose underlying the requirement of "extensive" use of clerical personnel; instead, I would hold that the rule is an invalid exercise of delegated legislative authority. Section 120.54(4), Fla. Stat. (1989).
NOTES
[1] §§ 1390-1391, Fla. Stat. (1892).