Laurence Feingold City Attorney City of Miami Beach
QUESTION: Whether, pursuant to s. 119.07(1), F.S. (1990 Supp.), a custodian of public records must provide a like copy of a public record, in this case a computer data software disk, or whether a typed transcript of the public record would satisfy the requirements of the statute?
SUMMARY: Pursuant to s. 119.07(1), F.S. (1990 Supp.), the custodian of public records must provide a copy of the record requested in its original format.
Your letter states that you have been asked to advise the City of Miami Beach's Historic Preservation and Urban Design Department concerning the manner in which a copy of data contained within computer software must be provided to a requesting citizen pursuant to a public records request. You have advised us that the Historic Preservation and Urban Design Department currently has in its possession a computer disk relating to specific property located in the city. You have determined that this software is a public record which in not "sensitive" within the scope of s.119.07(3)(q), F.S. (1990 Supp.). You have asked whether the custodian of a computer software disk which is a public record must provide a like computer software disk upon a request for such a copy. Additional information provided by your office on a computer disk may be subsequently altered by the party in possession of the disk.
Section 119.07(1)(a), F.S. (1990 Supp.), provides in part that:
 Every person who has custody of a public record shall permit the record to be inspected and examined by nay person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee. The custodian shall furnish a copy or a certified copy of the record upon payment of the fee prescribed by law . . . and for all other copies, upon payment of the actual cost of duplication of the record. (e.s.)
In Davis v. Sarasota County Public Hospital Board,[1] a Second District Court of Appeal case, a public records request was made by Mr. Davis for inspection of all bills for legal services incurred by the hospital. According to the hospital, these records were stored in computers and account ledgers. The hospital refused to allow Davis to inspect all of the bills for legal fees but furnished a list containing the exact amount of attorney's fees expended for the periods requested, the matter on which the fees were expended, and the law firms to which the fees were paid. Although he was provided with these extracts of the legal bills he sought, Davis insisted that he was entitled to inspect all of the actual records from which the extracts were made.
The Second District Court of Appeal agreed with Davis and determined that "[t]he provisions of section 119.07(1), [F.S.] appear to clearly provide that the actual records, and not extracts of the records, of a public body are open and subject to inspection."[2] Thus, it is the actual record and not an extract of such a record which a public body is required to open for inspection and copying.
There is no question that information stored in a computer may be a public record. In Seigle v. Barry,[3] the appellate court stated that "information stored on a computer is as much a public record as a written page in a book or a tabulation in a file stored in a filing cabinet."[4]
The central issue in the Seigle case was whether the public could require information contained in public records to be made available for inspection and copying in a format different from that in which it was maintained. The issue arose when the appellees (Barry), who were professional economists, were retained to prepare for and engage in collective bargaining negotiations with the school board on behalf of a group of school board employees. The appellants (Seigle and other members of the Broward County School Board) had agreed to permit the appellees to have access to the computer records including copies of computer tapes. However, none of the computer programs maintained by appellants could provide the information in the format desired by the appellees.
The circuit court had ordered appellant to run a new program designed at the expense of appellees which would access the computer data banks and would produce a printout of the public records in appellees' desired format. The Fourth District Court of Appeal stated that, "[a]n absolute rule permitting access to computerized records by a specially designed program could well result in a tremendous expenditure of time and effort for the mere sake of translating information readily and inexpensively available in one format into another format more suitable to the applicant's particular purpose."[5] The appellate court adopted that rule that "access to computerized records shall be given through the use of programs currently in use by the public official responsible for maintaining the public records."[6]
Thus, the custodian of such records is not required to produce public records contained on a computer disk in another format to satisfy the diverse needs of the public. Copies of such records should be provided in the format in which they are maintained by the custodian.[7]
I would note that s. 119.07(1)(a), F.S. (1990 Supp.), authorizes the custodian of public records to recoup the "actual cost of duplication" for copies of records. This charge includes "the cost of the material and supplies used to duplicate the record . . ." but excludes labor or overhead costs. In addition, subsection (b) provides that:
If the nature or volume of public records requested to be inspected, examined, or copied pursuant to this subsection is such as to require extensive use of information technology resources[8]
or extensive clerical or supervisory assistance by personnel of the agency involved, or both, the agency may charge, in addition to the actual cost of duplication, a special service charge, which shall be reasonable and shall be based on the cost incurred for such extensive use of information technology resources or the labor cost of the personnel providing the service that is actually incurred by the agency or attributable to the agency for the clerical and supervisory assistance required, or both. . . .
A determination of whether the nature or volume of the records requested to be copied will require extensive use of information technology resources must be made on a case-by-case basis. However, this statute does not justify the routine imposition of a special service charge merely because a public record contains exempted material, rather, in this case, the use of information technology resources must be extensive.[9]
Therefore, it is my opinion that a custodian of public records is required by s. 119.07(1), F.S. (1990 Supp.), to provide a copy of a public record in its original format in response to a request for such a copy.
Finally, the purpose to which a copy of a public record is to be put does not affect the custodian's duty to provide such a copy. As the court stated in Lorei v. Smith:[10]
The legislative objective underlying the creation of chapter 119 was to insure to the people of Florida the right freely to gain access to governmental records. The purpose for such inquiry isimmaterial.[11] (e.s.)
Thus, a custodian of public records is required by s. 119.07(1), F.S. (1990 Supp.), to produce a copy of the record requested in its original format without regard for the use to be made of such copy.
[1] 480 So.2d 203 (2 D.C.A. Fla., 1985).
[2] Id. at p. 205.
[3] Seigle v. Barry, 422 So.2d 63 (4 D.C.A. Fla., 1982),pet. for rev. den., 431 So.2d 988 (Fla. 1983).
[4] Id. at p. 65. And see, AGO 89-39 (information stored in computer utilized by county commissioners to facilitate and conduct their official business is subject to Ch. 119); AGO 85-3 (computer tapes are public records). Compare, as distinguished from computer programs, are not, in themselves, intended as final evidence of the knowledge to be recorded but rather are utilized by data processing computer equipment to prepare some other documentary material, and they are not public records as that term is defined in Shevin v. Byron, Harless, Shaffer, Reid and Associates, Inc., 379 So.2d 633 (Fla. 1980).
[5] Seigle v. Barry, supra, footnote 3 at p. 66.
[6] Id. The court went on to say that in the event that a public official refuses to permit access in this manner, the circuit court may permit access to the same statutory restrains where:
(1) available programs do not access all of the public records stored in the computer's data banks; or (2) the information in the computer accessible by the use of available programs would include exempt information necessitating a special program to delete such exempt items; or (3) for any reason the form in which the information proffered does not fairly and meaningfully represent the records; or (4) the court determines other exceptional circumstances exist warranting this special remedy.
Seigle at pp. 66-67.
[7] I would note that the court did not excuse a custodian of public records form providing a "like-copy" of such a record in the event that the custodian lacked the technology of facilities to reproduce the record. The custodian's duty to provide such a copy would appear to encompass arranging for the production of a "like-copy" by outside parties if necessary.
[8] "Information technology resources" is defined for purposes of this section as "data processing hardware and software and services, supplies, personnel, facility resources, maintenance, and training." See, s. 282.303(10), F.S.
[9] See, AGO 84-81 (the imposition of a service charge for inspection of records is not justified merely because a record contains exempted material; rather extensive clerical or supervisory assistance must be involved); AGO 86-69 (in the absence of extensive use of its information technology resources or of its clerical or supervisory assistance, municipal police department may charge only the actual costs of duplication for furnishing copies of accident reports).
[10] 464 So.2d 1330, 1332 (2 D.C.A. Fla., 1985), pet.for ref. den., 475 So.2d 695 (Fla. 1985).
[11] See also, State ex rel. Davidson v. Couch, 156 So. 297, 299 (Fla. 1934); AGO 73-167 (a person may inspect records maintained by the Department of Banking and Finance without being required to show a special interest therein); and AGO 72-413 (a private person may inspect and copy worthless check affidavits without demonstrating a "personal interest" in such records).