Craig B. Sherman Town Attorney Town of Bay Harbor Islands
QUESTION:
1. Does Ch. 119, F.S., require the town to make its financial officer available for the purpose of answering questions set forth by certified public accountants representing a private individual regarding financial records of the town?
2. Pursuant to the Public Records Law, may the town limit the nature, type, and volume of public records which are requested by a private individual?
3. May a public agency, such as the town, require that the requestor for a public record reveal the identity of an individual for whom the request is made?
SUMMARY:
1. Chapter 119, F.S., does not require the town to produce an employee, such as the financial officer, to answer questions regarding the financial records of the town.
2. The town must allow reasonable access to public records, under reasonable conditions and under supervision by the custodian or his designee and may impose a special service charge, based upon the cost incurred, when the nature or volume of a public record to be inspected or copied is such as to require extensive use of information, technology resources or extensive clerical or supervisory assistance. The Public Records Law does not otherwise allow the town to limit the nature, type or volume of public records which may be requested by a private individual.
3. There is no requirement in Ch. 119, F.S., that the name of the requestor of public records be revealed or the identity of any other individual on whose behalf the requestor is acting be revealed.
AS TO QUESTION 1:
You state that attorneys representing a private person(s) have requested access to numerous documents covering extended periods of time and town business. It has been requested that the town's financial officer, a part-time, contractual employee, be made available to be interviewed by certified public accountants retained by the attorneys regarding the town's financial records.
Chapter 119, F.S., the Public Records Law, states that "[i]t is the policy of this state that all state, county, and municipalrecords shall at all times be open for a personal inspection by any person. (e.s.) Section 119.07(1)(a), F.S., establishes the right of access to public records as follows:
 Every person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee. The custodian shall furnish a copy or a certified copy of the record upon payment of the fee prescribed by law . . . and for all other copies, upon payment of the actual cost of duplication of the record.
While every person has a right of access to the public records held by a public agency, I have not found, nor have you directed my attention to, any provision in Ch. 119, F.S., which would require the town to provide the financial officer for interrogation by certified public accountants acting on behalf of a private citizen who has requested access to financial records pursuant to the Public Records Law.[1] Whether the town chooses to provide the financial officer under such circumstances would appear to be a matter of policy which the town must decide, not this office.[2]
AS TO QUESTION 2:
As noted above, all public records shall be open for inspection at all times by any person, unless made confidential or exempted by law. Restrictions on access to public records is "at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee."[3]
The Supreme Court of Florida has stated:
It is clear to us that this statutory phrase [at reasonable times, under reasonable conditions, and under custodial supervision] refers not to conditions which must be fulfilled before review is permitted but to reasonable regulations that would permit the custodian of the records to protect them from alteration, damage, or destruction and also to ensure that the person reviewing the records is not subjected to physical constraints designed to preclude review.[4]
Thus, a custodian of a public record may not impose rules or conditions of inspection which restrict a person's right of access.[5] "Reasonable conditions" may not include anything which would hamper or frustrate, directly or indirectly, a person's right of inspection and copying of public records.
It is well settled that a request may not be denied because of a lack of specifics in the request or that the request is overbroad.[6]
Accordingly, in the absence of a statutory exemption, a custodian must produce the records requested, regardless of the number of records involved or the possible inconvenience.[7]
Generally, public records are open to public inspection without charge, unless otherwise expressly provided by law.[8]
Section 119.07(1)(a), F.S., provides that a custodian of a public record must furnish a copy of such public record upon payment of the fee prescribed by law. If no fee is prescribed, the custodian may require payment of not more than fifteen cents per one-sided copy for copies of 8 1/2 inches by 14 inches or less, and not more than an additional five cents for each two-sided duplicated copy.
For other copies, a custodian may only charge the "actual cost of duplication" of the public record. "Actual cost of duplication" is defined to mean "the cost of the material and supplies used to duplicate the record, but does not include the labor cost or overhead cost associated with such duplication."[9] The incidental costs, such as utilities, personnel or other office expenses, therefore, may not be routinely added to the charge for public records.[10]
However, if the nature or volume of public records to be copied requires the extensive use of information technology resources or extensive clerical or supervisory assistance, or both, the public agency may charge a reasonable service charge, in addition to the actual cost of duplication, based on the cost actually incurred by the agency for such extensive use of the information technology resources or personnel.[11] Such a special service charge, however, may not be routinely charged.[12]
Thus, while the town may not restrict access to and copying of public records based upon the amount requested or the span of time which is covered by the public records, if extensive use of information technology resources or clerical or supervisory personnel is needed for retrieval of such records, the town may impose a reasonable service charge, based upon the actual costs incurred for the use of such resources.
AS TO QUESTION 3:
Chapter 119, F.S., has no requirement that a person requesting a public record show a purpose or special interest before he or she may have access to the public record.[13] A person requesting access to or copies of public records, therefore, may not be required to disclose his name, address, telephone number or the like to the custodian, unless the custodian is required by law to obtain this information prior to releasing the records.[14]
Accordingly, absent a statutory requirement, the town may not require that the identity of the requestor or someone for whom the requestor is making the public records request be disclosed prior to allowing inspection and copying of a public record.
[1] It is beyond the resources of this office to survey all statutes which may or may not impact a town's responsibility to provide access to its officers and employees. Cf., s.11.45(7), F.S., authorizing the Auditor General to audit any records or accounts within the power of the Auditor General to audit and to "discuss the audit with the official whose office is subject to audit and submit to him a list of his adverse findings which may be included in the audit report."
[2] Section 16.01(3), F.S., authorizes the Attorney General to render official opinions on the questions of law relating to the official duties of the requesting officer.
[3] See, s. 119.07(1), F.S.
[4] See, Wait v. Florida Power Light Company,372 So.2d 420, 425 (Fla. 1979).
[5] See, AGO 75-50. See also, Davis v. Sarasota County Public Hospital Board, 480 So.2d 203 (2 D.C.A. Fla., 1985),pet. for review denied, 488 So.2d 829 (Fla. 1986) (person requesting public records is entitled to see actual nonexempt record, not merely extracts form such record).
[6] See, Sullivan v. City of New Port Richey, Case No. 86-1129CA (6th Cir. Pasco Co., May 22, 1987), affirmed, 529 So.2d 1124 (2 D.C.A. Fla., 1988); and Lorie v. Smith,464 So.2d 1330, 1332(2 D.C.A. Fla., 1985), pet. for rev. denied,475 So.2d 695 (Fla. 1985) (the breadth of the right to inspect public records is "virtually unfettered," except for statutory exemption).
[7] Cf., Wootton v. Cook, 590 So.2d 1039 (1 D.C.A. Fla., 1991).
[8] See, State ex rel. Davis v. McMillan,38 So, 666 (Fla. 1905).
[9] Section 119.07(1)(a), F.S.
[10] See, AGO 90-7 (police department may not charge for travel time and retrieval costs for public records stroed off-premises) and AGO 76-34 (the right of citizens to inspect public records may not, in the absence of a statute, be conditioned upon the payment of search fees).
[11] Section 119.07(1)(b), F.S.
[12] See, AGO 86-69. Cf., Florida Institutional Legal Services v. Florida Department of Corrections, 579 So.2d 267
(1 D.C.A. Fla., 1991), in which the court upheld a Department of Corrections rule imposing a special service charge when the nature or volume of records requires "extensive" clerical supervisory assistance; defining "extensive" to mean if it takes more than fifteen minutes to locate, review for confidential infomation, and copy and refile requested material.
[13] See, Lorei v. Smith, supra at p. 1332 (legislative objective underlying the creation of Ch. 119, F.S., is to insure public's access to governmental records; purpose for such inquiry is immaterial).
[14] See, AGO 91-75 (absent a statute or court rule, clerk of court may not require disclosure of name, address, and telephone number as a condition to obtaining access to court files). Cf., Motor Vehicles to record the name and the address of any person, other than a representative of a law enforcement agency, who requests or receives information from a motor vehicle registration record.