Mr. Edward A. Dion Broward County Attorney 115 South Andrews Avenue, Suite 423 Fort Lauderdale, Florida 33301
Dear Mr. Dion:
You ask the following question:
May Broward County adopt a policy to collect a special service charge for the extraordinary time expended by personnel to safeguard public records from loss or destruction during their inspection?
In sum:
Broward County may adopt a policy imposing a reasonable special service charge in those instances where, due to the nature or volume of the records requested, extensive clerical or supervisory assistance is necessary during their inspection to safeguard such records. In doing so, however, the county's policy should reflect no more than the actual cost of the personnel's time and be sensitive to accommodating the request in such a way as to ensure unfettered access while safeguarding the records.
Section 119.07(1), Florida Statutes, requires custodians of public records to allow inspection and copying of all documents, papers, letters or other material, regardless of the physical form, made or received in connection with the transaction of the official business of an agency.[1] Further, Article I, section 24, Florida Constitution, sets forth a constitutional right of access to any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, unless the public record has been exempted by law pursuant to the constitutional provision or specifically made confidential by the Constitution. Thus, all public records are open for public inspection and copying, unless the Legislature has exempted them from disclosure or they have been made confidential by law.[2]
In the absence of a specific statute to the contrary, public records must be open for public inspection without charge. While section 119.07(1)(a), Florida Statutes, authorizes the custodian of public records to charge a fee for furnishing copies of records based on the actual cost of duplication,[3] there is no statute that generally authorizes the imposition of a fee for the mere inspection of public records.
Section 119.07(1)(b), Florida Statutes, however, provides:
"If the nature or volume of public records requested to beinspected, examined, or copied pursuant to this subsection is such as to require extensive use of information technology resources or extensive clerical or supervisory assistance bypersonnel of the agency involved, or both, the agency may charge, in addition to the actual cost of duplication, a special service charge, which shall be reasonable and shall be based on the cost incurred for such extensive use of information technology resources or the labor cost of the personnel providing the service that is actually incurred by the agency or attributable to the agency for the clerical and supervisory assistance required, or both. "Information technology resources" shall have the same meaning as in s. 282.303(13)."[4] (e.s.)
Thus, clearly, when the nature or volume of requested public records requires extensive use of personnel, be it clerical or supervisory assistance, or both, for inspection or copying of records, the use of such personnel may be compensated through the imposition of a reasonable special service charge that reflects no more than the costs actually incurred by the agency for such personnel. A determination of whether the nature or volume of the public records requires such extensive assistance must be made on a case-by-case basis, such that a special service charge may not be routinely imposed.[5]
You state that Broward County has adopted a policy of providing copies of public records and related employee assistance time free of charge, except when the number of copies exceeds fifty or the employee time involved in providing the records exceeds fifteen minutes. The amounts charged for additional copies are consistent with the statutory rates allowed, while employee time is billed at $2.50 per fifteen minutes, or a portion thereof, after the first fifteen minutes.[6] It is assumed that $2.50 represents one-quarter of the clerical or supervisory personnel's base hourly salary rate.
While the county's current policy applies only to copies of public records, a recent individual's request to inspect certain building permit records resulted in the necessity of having an employee remain with the individual to ensure that no records were altered or destroyed. The request was to review complaints filed by the public and notice of violations issued by the county against a particular company. You indicate that almost all of the records are originals with no duplicates maintained by the county, nor are you aware that copies are kept or maintained by any other entity. Boxes of the stored records were made available in a room within the building permitting office. Due to the extent of the records requested and the sensitivity to maintain their integrity, a clerk spent almost sixty minutes overseeing the inspection and was unable to perform his or her regular duties. The requestor was charged for forty-five minutes of clerical time at $2.50 per fifteen minutes, for a total of $7.50. When the requestor challenged the charge, it was refunded due to the county's lack of a written policy relating to charges for extensive clerical assistance when public records are inspected but not copied. The question has arisen, therefore, whether a county policy charging for extensive personnel time involved in safe-guarding records during their inspection is valid.
Every person who has custody of a public record must permit it to be inspected and examined by any person desiring to do so. Section119.07(1)(a), Florida Statutes, requires that such access be "at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or the custodian's designee." The phrase "under reasonable conditions," refers not to conditions that must be fulfilled before review is permitted, but to reasonable regulations that would permit the custodian of records to protect them from alteration, damage, or destruction and also to ensure that the person reviewing records is not subjected to physical constraints designed to preclude review.[7]
As noted above, it is the "nature or volume" of public records that determines whether the use of extensive clerical or supervisory assistance was necessary. In this instance, while the volume of the requested materials was reportedly such that assistance would be appropriate, you indicate that extensive clerical or supervisory assistance was needed to protect the records. While section 119.07, Florida Statutes, does not define "extensive," the court in Florida Institutional Legal Services,Inc. v. Florida Department of Corrections,[8] upheld an agency rule that defined "extensive" to mean it would take more than fifteen minutes to locate, review for confidential information, copy and refile the requested material. This office has advised, however, that an agency should define "extensive" in a manner that is consistent with the purpose and intent of the Public Records Act and that does not constitute an unreasonable infringement upon the public's statutory and constitutional right of access to public records. Moreover, there is no certainty that the holding in Florida Institutional Legal Services, Inc., where the issue was special charges for copies of departmental records, would also be applicable in instances where mere inspection of records has been requested.[9]
Absent a statutory definition of "nature," the term must be given its plain and ordinary meaning.[10] While the term "nature" has several definitions, the one that is most closely aligned with this application is "the essential character or constitution of something."[11] Here, the requested records contain original documents that have no recorded or maintained counterparts, such that, by their nature, they would need a heightened degree of protection from alteration or destruction. Thus, extensive clerical or supervisory assistance required for the inspection of such public records may be compensated through the collection of a special service charge that is based on the actual labor cost of the personnel providing the assistance. The county should be mindful, however, that the custodian's statutory duty to safeguard public records must be balanced with the public's right of access.[12] Moreover, it would be difficult to justify the imposition of a fee for extensive clerical or supervisory assistance if the personnel providing such assistance were simultaneously performing regular duties.
Accordingly, Broward County may adopt a policy to impose a reasonable special service charge based on the actual cost incurred in instances where the nature or volume of public records requested to be inspected or examined is such to require extensive clerical or supervisory assistance.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, s. 119.011(1), Fla. Stat., which defines "[p]ublic records" and s. 119.011(2), Fla. Stat., defining "[a]gency" to mean any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency.
[2] See, Wait v. Florida Power and Light Company, 372 So.2d 420
(Fla. 1979), in which the Court concluded that every public record is subject to the examination provisions of Ch. 119, Fla. Stat., unless a specific statutory provision can be found that exempts records from disclosure.
[3] Section 119.07(1)(a), Fla. Stat., defines the phrase "actual cost of duplication" as "the cost of the material and supplies used to duplicate the record, but it does not include the labor cost or overhead cost associated with such duplication. . . ."
[4] Section 282.303(13), Fla. Stat., defines "[i]nformation technology resources" as "data processing hardware and software and services, communications, supplies, personnel, facility resources, maintenance, and training." (e.s.)
[5] See, Op. Att'y Gen. Fla. 86-69 (1986). See also, Carden v.Chief of Police, City of Clewiston Police Department,696 So.2d 772 (Fla. 2d DCA 1996) (excessive charge could well serve to inhibit the pursuit of rights conferred by the Public Records Act; s. 119.07(1)(b), Fla. Stat., requires special service charges to be "reasonable").
[6] You state that in previous discussions with this office, it was concluded that the county could charge a fee based on certain criteria, i.e., records to be searched are original records and it is not feasible to provide copies to be inspected, it is not feasible for the records to be inspected in an area open to view by personnel to ensure the safety of the records, the time expended by the personnel designated to sit in the room is extensive, and the fee charged is based upon the base hourly rate of the lowest paid employee of the agency.
[7] Wait v. Florida Power Light Company, 372 So.2d 420 (Fla. 1979).
[8] 579 So.2d 267 (Fla. 1st DCA 1991).
[9] See, Judge Zehmer's dissent, 579 So.2d at 269, in which it was noted that the hearing officer's conclusion was based upon the "cumulative effect of numerous requests" for copies rather than extensive time in responding to a single request as contemplated by s. 119.07(1)(b), Fla. Stat.
[10] See, Florida Birth-Related Neurological Injury CompensationAssociation v. Florida Division of Administrative Hearings,686 So.2d 1349, 1354 (Fla. 1997) (where Legislature has not defined words used in a phrase, the language should usually be given its plain and ordinary meaning).
[11] Webster's Third New International Dictionary 1507 (unabridged ed. 1981).
[12] See, Fuller v. State ex rel. O'Donnell, 17 So.2d 607, 608
(Fla. 1944) (custodian's duty to make provision for inspection or copying in a manner to accommodate the applicant and at the same time to safeguard the records).